1  PETER B. MORRISON (SBN 230148)
   peter.morrison@skadden.com
2  VIRGINIA F. MILSTEAD (SBN 234578)
   virginia.milstead@skadden.com
3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
4  Los Angeles, CA 90071
   Telephone: (213) 687-5000
5  Facsimile:  (213) 687-5600

6  JOHN NEUKOM (SBN 275887)
   john.neukom@skadden.com
7  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   525 University Avenue, Suite 1400
8  Palo Alto, California 94301
   Telephone: (650) 470-4500
9  Facsimile:  (650) 470-4570

10 MARY JO WHITE (*pro hac vice* forthcoming)
   mjwhite@debevoise.com
11 ANDREW J. CERESNEY (*pro hac vice* forthcoming)
   aceresney@debevoise.com
12 DEBEVOISE & PLIMPTON LLP
   919 Third Avenue
13 New York, New York  10022
   Telephone: (212) 909-6000
14 Facsimile:   (212) 909-6836

15 Attorney for Defendants
   Ripple Labs Inc., XRP II, LLC, and Bradley
16 Garlinghouse

17              **UNITED STATES DISTRICT COURT**

18            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

19

| 20 | RYAN COFFEY, individually and on behalf of all others similarly situated, | CASE NO.: 18-cv-3286 |
|---|---|---|
| 21 | | CLASS ACTION |
| 22 | Plaintiff, | **NOTICE OF REMOVAL** |
| 23 | v. | |
| 24 | RIPPLE LABS INC., a Delaware Corporation, XRP II, LLC, a South Carolina limited liability company, BRADLEY GARLINGHOUSE, an individual, and DOES 1 through 10, inclusive, | |
| 25 | | |
| 26 | Defendants. | |

27

28

**TABLE OF CONTENTS**

| | | PAGE |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT | 2 |
| III. | SECTION 22(A) OF THE SECURITIES ACT DOES NOT BAR REMOVAL | 3 |
| | A. Luther Does Not Control The Claims Alleged Here | 4 |
| | B. The Luther Decision Requires Reconsideration | 6 |
| IV. | THIS REMOVAL NOTICE IS TIMELY AND SATISFIES ALL PREREQUISITES. | 7 |

**TABLE OF AUTHORITIES**

**CASES**          **PAGE(S)**

Broadway Grill, Inc. v. Visa Inc.,
  856 F.3d 1274 (9th Cir. 2017) ..............................................................................2

Brown v. Mortg. Elec. Registration Sys., Inc.,
  738 F.3d 926 (8th Cir. 2013) ................................................................................5

Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.,
  368 F.3d 86 (2d Cir. 2004) ...................................................................................5

Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund,
  138 S. Ct. 1061 (2018)..........................................................................................4

Dart Cherokee Basin Operating Co. v. Owens,
  135 S. Ct. 547 (2014) ...........................................................................................7

Estate of Pew v. Cardarelli,
  527 F.3d 25 (2d Cir. 2008) ...................................................................................4

Exxon Mobil Corp. v. Allapattah Servs., Inc.,
  545 U.S. 546 (2005)..............................................................................................5

F5 Capital v. Pappas,
  856 F.3d 61 (2d Cir. 2017) ...................................................................................5

FDIC v. Countrywide Fin. Corp.,
  2012 WL 12897152 (C.D. Cal. Mar. 20, 2012)....................................................6

Holt v. Noble House Hotels & Resort, Ltd.,
  2018 WL 539176 (S.D. Cal. Jan. 23, 2018)..........................................................3

Jordan v. Nationstar Mortg. LLC,
  781 F.3d 1178 (9th Cir. 2015) ..............................................................................7

Katz v. Gerardi,
  552 F.3d 558 (7th Cir. 2009) ............................................................................6, 7

Luther v. Countrywide Home Loans Servicing LP,
  533 F.3d 1031 (9th Cir. 2008) .......................................................................4, 6, 7

Pub. Emps.' Ret. Sys. of Miss. v. Morgan Stanley,
  605 F. Supp. 2d 1073 (C.D. Cal. 2009) ................................................................7

Rossetti v. Stearn's Prods., Inc.,
  2016 WL 3277295 (C.D. Cal. June 6, 2016) .......................................................2

SEC v. Glenn W. Turner Enters., Inc.,
  474 F.2d 476 (9th Cir. 1973) ................................................................................6

U.S. Indus., Inc. v. Gregg,
  348 F. Supp. 1004 (D. Del. 1972).........................................................................5

**STATUTES**

15 U.S.C. § 12(a)(1) .................................................................................................................. 1

15 U.S.C. § 15 ........................................................................................................................... 1

15 U.S.C. § 77 ........................................................................................................................... 1

15 U.S.C. § 77p ......................................................................................................................... 3

15 U.S.C. § 77v ......................................................................................................................... 3

28 U.S.C. § 1332 .............................................................................................................. 1, 2, 3, 4

28 U.S.C. § 1367 .................................................................................................................... 1, 2

28 U.S.C. § 1441 .................................................................................................................... 5, 6

28 U.S.C. § 1446 .................................................................................................................... 1, 8

28 U.S.C. § 1453 ................................................................................................................passim

Cal. Corp. Code § 25003 .......................................................................................................... 1

Cal. Corp. Code § 25110 .......................................................................................................... 1

Cal. Corp. Code § 25505 .......................................................................................................... 1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**: Please take notice that Defendants Ripple Labs Inc. ("Ripple"), XRP II, LLC ("XRP II"), and Bradley Garlinghouse (collectively, "Defendants"), by and through their undersigned attorneys, hereby remove the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1367, and 1453. As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders served on Defendants in the action to date are attached hereto as Exhibit A. As the requisite "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), Defendants state as follows:

## I.     INTRODUCTION

1.     This action arises out of Plaintiff's alleged purchase of a virtual currency, XRP, on a described "cryptocurrency exchange" and the alleged sale of that XRP twelve days later at a $551.89 loss. (Compl. ¶¶ 26, 119-121.) Plaintiff does not allege that he lacked information about the nature of these transactions. Nevertheless, Plaintiff claims that he was somehow injured because Defendants were allegedly required to register XRP as a "security" with the Securities & Exchange Commission ("SEC") but failed to do so.

2.     On May 3, 2018, Plaintiff filed a putative class action complaint in the Superior Court of California, County of San Francisco, purporting to sue on his own behalf and on behalf of "[a]ll persons or entities who purchased XRP from January 1, 2013 through the present." (Compl. ¶ 122.) Plaintiff asserts claims under Sections 5, 12(a)(1), and 15 of the Securities Act of 1933 ("Securities Act") and Sections 25110, 25003, and 25505 of the California Corporations Code—federal and state statutes respectively governing the registration and sale of securities and imposing "control person" liability on violators of securities laws. Plaintiff seeks, among other things, rescission of all XRP purchases and/or damages (Compl. ¶ VIII.4) and a constructive trust over the proceeds of Defendants' alleged sales of XRP (Compl. ¶ VIII.6).

3.     Defendants now remove this putative class action to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1453. The Court has jurisdiction over removable

claims pursuant to 28 U.S.C. § 1332(d) and supplemental jurisdiction over any non-removable claims pursuant to 28 U.S.C. § 1367(a).

## II.     REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

4.     This alleged nationwide securities action falls within the original jurisdiction of this Court under CAFA. Pursuant to CAFA, a putative class action may be removed to the appropriate federal district court if (1) the action purports to be a "class" action brought on behalf of 100 or more members; (2) any member of a class of plaintiffs is a citizen of a state different from any defendant; and (3) the amount in controversy exceeds $5 million. See 28 U.S.C. §§ 1332(d)(2), (2)(A), (5)(B), 1453(b). This action meets each of those requirements.

5.     *Class exceeds 100 members*. First, this is an alleged class action brought on behalf of over 100 members. Plaintiff purports to assert claims on behalf of a "class" consisting of "thousands of Class members." (Compl. ¶¶ 122, 124.) That well exceeds the requirements of CAFA. See 28 U.S.C. § 1332(d)(1)(B), (5)(B).

6.     *Minimal Diversity*. Second, minimal diversity of citizenship exists (i.e., at least one class member plaintiff has a different citizenship from any of the defendants), as required by Section 1332(d)(2)(A). On the one hand, each of the Defendants is allegedly a citizen of California. (Compl. ¶¶ 11-13.) On the other hand, there are members of the putative class who are citizens of states other than California. The Complaint purports to be brought on behalf of "[a]ll persons or entities who purchased" XRP since January 1, 2013 without any geographic limitation. (Compl. ¶ 122.) The Complaint further alleges that Defendants have sold XRP to putative class members on "cryptocurrency exchanges," which are accessible on the internet and therefore throughout the United States and the world. (Compl. ¶¶ 26, 34.) Plaintiff also alleges that Defendants "made use of means or instruments of transportation or communication in interstate commerce or of the mails" in purportedly selling XRP. (Compl. ¶ 132.) Given these allegations, citizens of states other than California have undoubtedly purchased XRP. Therefore, members of the putative class are citizens of states different from Defendants. See, e.g., Broadway Grill, Inc. v. Visa Inc., 856 F.3d 1274, 1276 (9th Cir. 2017) (concluding that minimal diversity was satisfied when class definition, as pleaded, included a nationwide class and many non-citizens of California); Rossetti v. Stearn's

Prods., Inc., 2016 WL 3277295, at *1-2 (C.D. Cal. June 6, 2016) (action pled as a nationwide class satisfied minimal diversity requirement).

7. ***Amount in Controversy***. Third, this action meets CAFA's amount-in-controversy requirement of $5 million. 28 U.S.C. § 1332(d)(6). Among other things, Plaintiff seeks the rescission of Defendants' alleged sales of XRP to putative class members. (Compl. ¶ VIII.4.) Plaintiff alleges that in 2017 alone, Defendants received "over $342.8 million through XRP sales." (Compl. ¶ 26.) If all such sales were rescinded, the amount in controversy would exceed $5 million. While Defendants strongly deny that Plaintiff or any putative class members are entitled to recover any amount (or any other relief), Plaintiff plainly seeks to recover an aggregate amount over $5 million.

8. Moreover, Plaintiff seeks a constructive trust over the proceeds of Defendants' alleged sales of XRP. (Compl. ¶ VIII.6.) Based on the allegations in the Complaint, this amount is at least $342.8 million, in excess of the $5 million minimum. (Compl. ¶ 26); see also Holt v. Noble House Hotels & Resort, Ltd., 2018 WL 539176, at *4 (S.D. Cal. Jan. 23, 2018) (considering amount over which plaintiff was seeking a constructive trust and disgorgement in assessing amount in controversy).

9. ***Exceptions***. None of the exceptions to removal set forth in CAFA applies to bar removal here. This action does not (i) involve a "covered security," as defined by 15 U.S.C. § 77p(f)(3); (ii) relate to the internal affairs or governance of a corporation and arise under the laws of the state in which such corporation was formed; or (iii) relate to the rights, duties, and obligations relating to or created by or pursuant to any security. See 28 U.S.C. § 1453(d)(1)-(3).

## III. SECTION 22(A) OF THE SECURITIES ACT DOES NOT BAR REMOVAL

10. The fact that Plaintiff purports to bring claims under the Securities Act does not preclude removal here. Section 22(a) of the Securities Act ("Section 22(a)") provides, "Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a). Although the Supreme Court recently concluded that the exception in section 77p(c)—a reference to the Securities Litigation Uniform Standards Act ("SLUSA")—does not permit

removal of class actions alleging only Securities Act violations, the Court did not address and has not addressed whether removal of class actions asserting Securities Act claims is permitted on other grounds, including when, as here, CAFA expressly permits removal. See Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund, 138 S. Ct. 1061, 1075-76 (2018).

### A. Luther Does Not Control The Claims Alleged Here

11. Defendants are mindful of the decision of the United States Court of Appeals for the Ninth Circuit in Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008). In Luther, the plaintiff asserted claims only under the Securities Act. See id. at 1032-33. The court held that a class action brought in state court alleging *only* violations of the Securities Act was not removable even though it met the requirements of CAFA. Id. at 1034. But Luther did not address a situation where, as here, removable state law claims are joined with Securities Act claims. See id. Luther thus does not preclude removal here because this case includes state law claims, which are separately removable, and thus permit removal of the entire action.

12. Indeed, the basis for the Luther court's holding that Section 22(a) bars removal notwithstanding CAFA was that Section 22(a) is "narrow, precise, and specific" and "applies only to claims arising under the Securities Act," whereas CAFA has broader application. Id. But if Section 22(a) were interpreted to bar removal of Securities Act claims *and* the state law claims asserted with them, Section 22(a) would not have the "narrow, precise, and specific" application the Luther court described. Therefore, the reasoning in Luther does not apply to the situation here and does not bar removal.

13. This distinction is substantively important. CAFA (i) broadened the definition of diversity jurisdiction in 28 U.S.C. § 1332 as it applied to certain class actions, see 28 U.S.C. § 1332(d); and (ii) created a separate statute allowing for removal of class actions falling within that broadened definition, see 28 U.S.C. § 1453. In doing so, CAFA specifically expanded the federal courts' diversity jurisdiction to "assure that the federal courts are available *for all securities cases that have national impact*," subject to certain enumerated exceptions. Estate of Pew v. Cardarelli, 527 F.3d 25, 32 (2d Cir. 2008) (emphasis added). Pursuant to diversity jurisdiction, if the federal court has jurisdiction over one claim, it has jurisdiction over the entire action. See

Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 559 (2005) ("When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim. The presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment. If the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a 'civil action.'"). Thus, if one claim in an action is removable, the entire action is removable. This rule applies equally with respect to removals under CAFA. See F5 Capital v. Pappas, 856 F.3d 61, 82 (2d Cir. 2017), cert. denied, 138 S. Ct. 473 (2017) (concluding that class action was properly removed under CAFA and that the federal court could exercise supplemental jurisdiction over state law derivative claims that were not otherwise removable); Brown v. Mortg. Elec. Registration Sys., Inc., 738 F.3d 926, 933 (8th Cir. 2013) (affirming removal under CAFA and district court's exercise of supplemental jurisdiction over non-removable state law claims).

14. There is no exception to this general rule for circumstances in which a non-removable federal claim is asserted alongside removable state law claims. Under the general removal statute, 28 U.S.C. § 1441(a)—on which Defendants do *not* rely for removal here—removal is not permitted if non-removable claims are joined with removable claims. This is because Section 1441(a) authorizes removal when federal courts have "original jurisdiction" "[e]xcept as otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441(a). Courts have concluded that this exception language—"[e]xcept as otherwise expressly provided by Act of Congress"—refers to anti-removal statutes such as Section 22(a) and prevents removal of an action when such claims are asserted. See U.S. Indus., Inc. v. Gregg, 348 F. Supp. 1004, 1015 (D. Del. 1972), rev'd on other grounds, 540 F.2d 142 (3d Cir. 1976).

15. However, Section 1453—the CAFA removal statute, the statute on which Defendants *do* rely for removal—does not include the "[e]xcept as otherwise expressly provided by Act of Congress" language. See 28 U.S.C. § 1453. The omission of this language means that, unlike with Section 1441(a), Congress did not intend for non-removable claims to block the removal of otherwise removable actions. See Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc., 368

F.3d 86, 106 (2d Cir. 2004) (allowing removal of Securities Act claim under 28 U.S.C. § 1452 because that section does not include the exception language); FDIC v. Countrywide Fin. Corp., 2012 WL 12897152, at *1 (C.D. Cal. Mar. 20, 2012) (concluding that grant of federal jurisdiction over claims involving FDIC made action removable under Section 1441(b), which at that time provided for removal based on claims arising under federal law, and "trump[ed]" the removal bar in Section 22(a) because Section 1441(b) did not then contain exception language like Section 1441(a)). Accordingly, the entire action here is removable.

### B. The Luther Decision Requires Reconsideration

16. As explained above, Luther does not control removal of this action. If it were considered relevant precedent for the instant case, then Defendants respectfully submit that Luther should be reconsidered. Shortly after the Ninth Circuit decided Luther, the Seventh Circuit considered the central legal question in Luther—the removability of Securities Act class actions meeting the removal requirements of CAFA. See Katz v. Gerardi, 552 F.3d 558 (7th Cir. 2009). The Katz court held that class actions meeting the requirements of CAFA, including those asserting claims under the Securities Act, are removable. Id. at 562. In doing so, Katz expressly disagreed with the reasoning in Luther.

17. In Luther, the court applied the "principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum." Luther, 533 F.3d at 1034 (citation omitted). The court reasoned that the Securities Act was "more specific" than CAFA because it "applies only to claims arising under the Securities Act," whereas CAFA "applies to a 'generalized spectrum'" of class actions. Id.

18. The Katz court rejected this reasoning. Contrary to Luther's conclusion, the Katz court noted that CAFA is *not* broader than the Securities Act because CAFA applies only to "large, multi-state class actions" while the Securities Act applies to "all securities actions—single-investor suits as well as class actions." Katz, 552 F.3d at 561; see also SEC v. Glenn W. Turner Enters., Inc., 474 F.2d 476, 481 n.5 (9th Cir. 1973) (noting "[t]he broad purpose of the Securities Act of 1933").

19. The Katz court also concluded that the language of CAFA itself, "rather than a[ny] canon" of statutory construction, instructs how CAFA "applies to corporate and securities actions." Katz, 552 F.3d at 562. CAFA itself contains specific, enumerated exceptions to removal jurisdiction that address certain securities actions—none of which applies here—including actions "concerning a covered security," those relating to the internal affairs of a corporation, or those relating to the rights, duties, and obligations relating to or created by or pursuant to any security. Id. "This [list of exceptions] tells us all we need to know." Id. Claims falling within the exceptions are not removable, and all "[o]ther securities class actions are removable if they meet the requirements of" CAFA. Id.

20. Defendants respectfully submit that Katz is the correctly reasoned decision, and that, to the extent necessary, the Court should reconsider Luther. Indeed, the current divide in authority led the author of the district court decision affirmed by the Ninth Circuit in Luther, the Hon. Mariana Pfaelzer, to observe in another case, "Defendants appear to have nonfrivolous arguments for a change in the law due to post-Luther developments." Pub. Emps.' Ret. Sys. of Miss. v. Morgan Stanley, 605 F. Supp. 2d 1073, 1075 n.1 (C.D. Cal. 2009).

21. The decision in Luther is further called into question by subsequently-decided Supreme Court authority. A basic premise of the holding in Luther was the general rule that "removal statutes are strictly construed against removal." Luther, 533 F.3d at 1034. However, the Supreme Court has since concluded that such a presumption does not apply to removals under CAFA. See Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014) ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."). This "undercut[s] the theory or reasoning underlying [Luther] in such a way that the cases are clearly irreconcilable." Jordan v. Nationstar Mortg. LLC, 781 F.3d 1178, 1183 n.2 (9th Cir. 2015) (rejecting Luther's strict construction of CAFA against removal because it was inconsistent with Dart Cherokee).

### IV. THIS REMOVAL NOTICE IS TIMELY AND SATISFIES ALL PREREQUISITES.

22. Plaintiff filed the above-captioned putative class action on May 3, 2018 in the Superior Court of the State of California, County of San Francisco, as case number CGC-18-

7

566271. This Notice of Removal is timely because it has been filed within thirty days of Plaintiff's purported service of the Complaint on May 4, 2018. See 28 U.S.C. § 1446.

23. No previous application has been made by the Defendants for this or similar relief.

24. Written notice of the filing of this Notice of Removal will be given to the adverse parties and state court as required by § 1446(d).

DATED: June 1, 2018

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:    */s/Peter B. Morrison*
Peter B. Morrison
Attorney for Defendants
Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse