James Q. Taylor-Copeland (SBN 284743)
james@taylorcopelandlaw.com
**TAYLOR-COPELAND LAW**
501 W. Broadway Suite 800
San Diego, CA 92101
Tel:   619-400-4944

Attorney for Individual and Representative
Plaintiff Ryan Coffey

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN COFFEY, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>RIPPLE LABS, INC., a Delaware corporation, XRP II, LLC, a South Carolina limited liability company, BRADELY GARLINGHOUSE, an individual, and DOES 1 through 10, inclusive,<br><br>                              Defendants. | Case No. 3:18-cv-3286-PJH<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORNAUDMM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   August 1, 2018<br>Time:   9:00 a.m.<br>Crtrm:  3<br>Judge:  Hon. Phyllis J. Hamilton |

TO: ALL PARTIES AND THEIR ATTORNYES OF RECORD

PLEASE TAKE NOTICE that, on August 1, 2018, at 9:00 a.m., before the Honorable Phyllis J. Hamilton of the United States District Court, Northern District of California, Oakland Courthouse, located at 1301 Clay Street, Oakland, California, 94612, Plaintiff Ryan Coffey ("Plaintiff") moves this court pursuant to 28 U.S.C. 1447(c) for an order to remand this case to the Superior Court of the State of California, County of San Francisco ("State Court").  This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support Thereof, the Proposed Order filed herewith, all pleadings and papers filed herein, the arguments made regarding this matter, and any other information properly before the Court.

## ISSUE TO BE DECIDED

Whether defendant Ripple Labs, Inc., XRP II, LLC, and Bradley Garlinghouse's ("Defendants") removal of this securities class action to federal court pursuant to the Class Action Fairness Act ("CAFA") was barred by the Securities Act of 1933's ("Securities Act" or "Act") strict bar on removal and controlling Ninth Circuit case law holding that the Act's removal bar also forbids removal under CAFA, thus requiring this case to be remanded in accordance with 28 U.S.C. §1447(c) to State Court.

## MEMORNDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This securities case was improperly removed and should be remanded to state court.  As a unanimous Supreme Court recently affirmed in *Cyan v Beaver County Employees Retirement Fund, et al.* ("*Cyan*"), "cases arising under" the Securities Act can be brought in state court and are expressly non-removable from state court. 138 S. Ct. 1061 (2018); 15 U.S.C. §77(v)(a).  In an effort to sidestep *Cyan*, Defendants rely exclusively on CAFA as their basis for removal.  *See* ECF No. 1, Notice of Removal of State Court Action ("Removal") at 1.  However, the Ninth Circuit has expressly held that CAFA does not allow for removal of cases arising under the Securities Act, finding that "CAFA's grant of the right of removal of high-dollar class actions does not trump §

22(a)'s specific bar to the removal of cases arising under the Securities Act of 1933." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1033-34 (9th Cir. 2008).

Just as in *Luther*, Plaintiff filed this case in California state court and asserts claims arising under the Securities Act.  Regardless of whether CAFA applies, it does not trump the anti-removal provision of the Securities Act, which this Court must follow and remand this case to state court.  Indeed, the only way this Court can deny Plaintiff's motion for remand is to ignore the Securities Act's unambiguous removal prohibition and the Ninth Circuit's decision in *Luther*.

Moreover, because Defendants' removal was without legal or factual basis, Plaintiff should be awarded costs associated with this remand motion, including attorney's fees.  *See* 28 U.S.C. § 1447(c).

**II.   BACKGROUND**

On May 3, 2018, Plaintiff commenced this securities class action in State Court on behalf of all persons that purchased or otherwise acquired Ripple digital tokens ("XRP") during Defendants' never-ending initial coin offering ("ICO").  Like the better-known initial public offering ("IPO"), in an ICO, digital assets are sold to consumers in exchange for legal tender or cryptocurrencies (most often Bitcoin and Ethereum).  These tokens generally give the purchaser various rights on the blockchain network and resemble the shares of a company sold to investors in an IPO.

Plaintiff alleges that Defendants raised hundreds of millions of dollars through the unregistered sale of XRP to retail investors in violation of the registration provisions of the Securities Act and the California Corporations Code.  In order to increase demand for XRP, and thereby increase the profits it can derive by selling XRP, Defendants have consistently portrayed XRP as a good investment, relayed optimistic price predictions, and conflated Ripple Labs' enterprise customers with usage of XRP.

The XRP offered and sold by Defendants have all the traditional hallmarks of a security.  XRP purchasers, including Plaintiff, provided consideration (in the form of fiat, including U.S. dollars, or other cryptocurrencies) in exchange for XRP.  XRP purchasers reasonably expected to derive profits from their ownership of XRP, and Defendants themselves have frequently highlighted

this profit motive.  Finally, the development of the XRP Ledger, and the profits that investors expected to derive therefrom, were, and are, based entirely on the technical, managerial, and entrepreneurial efforts of Defendants and other third parties employed by Defendants.

On June 1, 2018, Defendants improperly removed this case to this Court based solely upon CAFA. But Defendants' own Notice of Removal acknowledges that the Securities Act bars removal of cases arising under it, even if CAFA would otherwise apply.  Removal at 4.

## III.    ARGUMENT

The Securities Act "strictly forbids the removal of cases brought in state court and asserting claims under the Act," and the Ninth Circuit has held that "CAFA's general grant of the right of removal of high-dollar class actions does not trump" the "*specific* bar to the removal of cases arising under the Securities Act of 1933." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1033-34 (9th Cir. 2008) (emphasis in original).  Despite being aware of this controlling Ninth Circuit precedent, Defendants nevertheless removed this case under CAFA in an improper effort to delay adjudication of the case on its merits.

### A.  *Luther* Mandates Remand of this Case

Defendants' Notice of Removal acknowledges that the rule in the Ninth Circuit is that that "CAFA's general grant of the right of removal of high-dollar class actions does not trump Section 22(a)'s specific bar to removal of cases arising under the Securities Act of 1933." *Luther,* 533 F.3d 1031 at 1034.

In *Luther*, just as here, Plaintiff filed a class action in California state court alleging that Defendants violated the Securities Act in connection with the offer and sale of uncovered securities (i.e. securities that are not traded on a national exchange).  *Luther,* 533 F.3d 1031 at 1032. Defendants removed the case to federal court under CAFA, and Plaintiffs brought a motion to remand under Section 22(a) of the Securities Act which prohibits removal of cases arising under the Act.  *Id.* at 1033.  Both the District Court and the Ninth Circuit concluded that Section 22(a)'s longstanding removal bar was ***not*** "superseded in 2005 by CAFA," and that removal of the case was therefore improper.  *Id.* at 1034.  So too here.

Defendants' Notice of Removal appears to suggest that the instant case is somehow distinguishable from *Luther* because it alleges that Defendants' sale of unregistered securities violated both the Securities Act and the California Corporations Code, but that is not the case. Section 22(a) of the Securities Act provides that, "[e]xcept as provided in section 77p(c) of this title, *no case arising under this subchapter* and brought in any State court of competent jurisdiction *shall be removed* to any court of the United States." 15 U.S.C. § 77v(a) (emphasis added). By its plain language, Section 22(a) explicitly bars removal of *all cases* arising under the Securities Act (except as provided in section 77p(c))—*not* just Securities Act claims. The Ninth Circuit recognized this in *Luther*, noting that Section 22(a) "strictly forbids removal of *cases* brought in state court and asserting claims under the Act." 533 F.3d at 1033 (emphasis added).[1]

Under a plain reading as well as overwhelming precedent, Section 22's language "*broadly prohibits removal* of [Securities] Act *cases* brought in state court, with one exception: '[e]xcept as provided in section 77p(c) of this title.'" *Rajasekaran v. CytRx Corp.*, No. CV 14-3406-GHK(PJWx), 2014 WL 4330787, at *15 (C.D. Cal. Aug. 21, 2014) ("*CytRx*") (quoting 15 U.S.C. §77v(a)). That lone exception applies only to class actions based on state law alleging *fraud in connection with the purchase or sale of a covered security*. *See Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 (2006) ("*Kircher*") (if an "action is not precluded [under 77p(c)], the federal court . . . has no jurisdiction . . . and the proper course is to remand to the state court").

Section 77p(c)'s "narrow exception to the general antiremoval rule," further illustrates that the general antiremoval bar precludes removal of *all cases* bringing claims under the Securities Act—and not just removal of Securities Act claims themselves. *Cervantes v. Dickerson*, No 15-cv-3825-PJH, 2015 WL 6163573, at *4 (N.D. Cal. Oct. 21, 2015). As this Court observed in *Cervantes*, "Section 77p(c), which provides a narrow exception to the general antiremoval rule, applies only to actions described in §77p(b) . . ." *Id* Subsection 77p(b) in turn applies *only* to "covered class actions based upon the statutory or common law of any State" alleging an untrue statement or the

---

[1] Moreover, the registration provisions of the California Corporations Code are intended to govern the same conduct as the Securities Act and are largely based on the Act. The California Corporations Code claims themselves thus also arise out of the Securities Act.

5
MOTION TO REMAND
Case No. 3:18-CV-3286

employment of a deceptive device "*in connection with the purchase or sale of a covered security*." 15 U.S.C. §77p(b)).

"The most logical way of reading these provisions is that only covered class actions based on state law can be removed to federal court, and only for the purpose of dismissing the precluded state law claims as required by § 77p(b)." *Cervantes*, 2015 WL 6163573, at *4. If the Securities Act's removal bar applied only to individual Securities Act claims and not cases containing both Securities Act and state law claims, there would have been no need for Congress to carve out an exception to Section 22(a)'s general antiremoval rule for the covered class actions identified in 77p(b) because the individual claims identified in 77p(b) would be removable anyway.

The Supreme Court squarely addressed this issue in both *Kircher* and *Cyan.* In *Kircher,* the Supreme Court noted that "we do not read statutes in little bites," and found, "no reason to reject the straightforward reading: removal and jurisdiction to deal with removed [Securities Act] cases is limited to those precluded by the terms of subsection (b)." *Kircher*, 547 U.S. at 643. "And if that were not clear enough, we said it again: Removal under § 77p(c) is 'restricted to precluded actions defined in subsection (b).'" *Cyan*, 138 S. Ct. at 1076, quoting *Kircher*, 547 U.S. at 643-44. In *Cyan* the Court held that Section 77p(c) "identifies the removable cases," and its exception to the general antiremoval bar, "everyone here agrees, was to ensure the dismissal of a prohibited state law class action even when a state court 'would not adequately enforce' § 77p(b)'s bar." *Cyan*, 138 S. Ct. at 1068.

Section 77p(c)'s limited exception to the general antiremoval bar ***does not*** permit removal of cases, like this one, involving "transactions in uncovered securities," because those securities, "are 'primarily of state concern,' and SLUSA 'maintains state legal authority' to address them." *Id.* at 1071 quoting *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, at (2014). Except, under Defendants' view, "the law would strip state courts of jurisdiction over suits about securities raising no particular national interest." *Cyan,* 138 S. Ct. at 1071. That result is out of line with the clear wording of the Securities Act's removal bar and binding Supreme Court and Ninth Circuit precedent. Because this case arises out of the Securities Act and is not based on any state law claim

alleging fraud in connection with the purchase or sale of a covered security, the Securities Act bars removal and remand must be granted under §1447(c).

Judge Seeborg's recent decision to remand *Baker v. Dynamic Ledger Solutions* is also instructive. *See Baker v. Dynamic Ledger Solutions*, 17-cv-06850-RS, ECF No. 34 (N.D. Cal. April 19, 2018) (attached hereto as **Exhibit A**). Just as in the instant case, the Plaintiff in *Baker* brought Securities Act claims *and* state law claims against defendants alleging that their ICO constituted an unregistered offer and sale of securities. Judge Seeborg initially stayed the case awaiting instruction from the Supreme Court in *Cyan*. However, following the *Cyan* decision he remanded the case, noting that although the Baker case included state law claims, the "Tezos tokens are not traded on a national stock exchange and thus are not 'covered securities.' Accordingly, this action is not a state-law class action involving covered securities properly subject to removal under section 77p(c)." *Id.* at 3.[2] So too here.

This securities class action arises under the Securities Act. It is thus not removable because "CAFA's general grant of the right of removal of high-dollar class actions does not trump Section 22(a)'s specific bar to removal of cases arising under the Securities Act of 1933." *Luther,* 533 F.3d 1031 at 1034.

### a. Defendants' Twisted Reading Would Undermine the Purpose of the Securities Act's Removal Bar

Although the Court need look no further than the clear language of the Securities Act's removal bar and *Luther*, further examination of Defendants' reading of the Act's removal bar and *Luther* reveals it would undermine the very purpose of that removal bar.

The Securities Act was enacted in the aftermath of the 1929 stock market crash and was the first federal attempt to comprehensively regulate the securities market. Prior to the Securities Act, state statutes, many of which did not confer a private right of action, were investors' primary source of protection. While the Act provided new federal rights to investors, it was mindful of the states' traditional role in regulating this area. "It not only granted federal and state courts concurrent

---

[2] It should be noted that Defendants in the *Baker* case, apparently recognizing that *Luther* is controlling, did not oppose Plaintiff's motion to remand following the Supreme Court's decision in *Cyan.*

jurisdiction over claims arising under the Act and did nothing to preempt states' blue-sky laws, but it also included an anti-removal provision that expressly blocked the removal of 1933 Act claims filed in state court." *CytRx*, 2014 WL 4330787, at *1.

"So if a plaintiff chose to bring a 1933 Act suit in state court, the defendant could not change the forum." *Cyan*, 138 S. Ct. at 1066. "Anti-removal provisions rarely appear in federal statutes," and "such provisions evidence an intent to empower plaintiffs by protecting their choice of forum." *CytRx*, 2014 WL 4330787, at *1 *citing Pinto v. Maremont Corp.*, 326 F.Supp. 165, 167 n.2 (S.D.N.Y. 1971). Defendants' twisted reading would thus undermine the purpose of the Securities Act's broad removal bar—preserving the ability of state courts to adjudicate securities cases.

## IV.  PLAINTIFF REQUESTS AN AWARD OF COSTS AND EXPENSES

The removal here lacked a reasonable basis in light of the Ninth Circuit's controlling holding in *Luther* that "CAFA's grant of the right of removal of high-dollar class actions does not trump § 22(a)'s specific bar to the removal of cases arising under the Securities Act of 1933." *Luther*, 533 F.3d at 1033-34. Accordingly, Plaintiff respectfully requests that the Court's order provide that Plaintiff may apply for an award of attorney's fees not later than 30 days from the Court's order is filed if the parties cannot agree on the amount.

## V.  CONCLUSION

Given the plain language of the Securities Act's bar on removal of all "cases arising under" it, and binding Ninth Circuit precedent holding that "CAFA's grant of the right of removal of high-dollar class actions does not trump the "*specific* bar to the removal of cases arising under the Securities Act of 1933," Plaintiff respectfully asks that this Court remand this case to State Court. *Luther*, 533 F.3d 1031, 1033-34 (9th Cir. 2008)

Plaintiff also asks that the Court sanction Defendants and order them to pay for costs and attorney's fees incurred in bringing this motion to remand. As Judge Freeman noted, one district court recently awarded payment of costs and expenses, including attorney's fees, incurred as a result of removal in contravention of the Securities Act's removal bar because "'the removing party lacked an objectively reasonable basis for seeking removal.'" *Iron Workers Mid-S. Pension Fund v.*

*Terraform Glob., Inc.* No. 15-CV-6328-BLF, 2016 WL 827374, at * 5 (N.D.Cal. Mar. 3, 2016) quoting *Martin v. Frankling Capital Copr.*, 546 U.S. 132 (2005).

      So too here.  Defendants lacked an objectively reasonable basis for seeking removal under CAFA because the Ninth Circuit has held that the Securities Act "strictly forbids the removal of cases brought in state court and asserting claims under the Act," regardless of whether those claims would otherwise be removable under CAFA.  *Luther*, 533 F.3d 1031, 1033-34 (9th Cir. 2008)

Dated:  June 27, 2018          **TAYLOR-COPELAND LAW**

                              By:/James Taylor-Copeland
                                  James Q. Taylor-Copeland

                              Attorney for Lead Plaintiff Ryan Coffey

# Exhibit A

# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW BAKER, et al.,

    Plaintiffs,

    v.

DYNAMIC LEDGER SOLUTIONS, INC., et al.,

    Defendants.

Case No. 17-cv-06850-RS

**ORDER GRANTING MOTION TO REMAND**

## I. INTRODUCTION

On February 1, 2018, this action was stayed pending the issuance of a Supreme Court decision relevant to determining whether Plaintiff Andrew Baker's motion to remand should be granted. *See* Dkt. No. 18. The Supreme Court's decision has issued, *see Cyan, Inc. v. Beaver Cty. Emp.'s Ret. Fund, et al.*, 138 S. Ct. 1061 (2018), and Baker now renews his motion. Defendant Dynamic Ledger Solutions, Inc. ("DLS") no longer opposes remand. However, Arman Anvari, the lead plaintiff in the related consolidated action also before this court (*In re Tezos Securities Litigation,* No. 17-cv-6779), does oppose Baker's motion.[1] Pursuant to Civil Local Rule 7-1(b), this matter is suitable for disposition without oral argument and the hearing set for April 26, 2018 is vacated. For the reasons that follow, Baker's motion is granted and this case is remanded to San Francisco Superior Court.

---

[1] Anvari has also filed a motion in the consolidated action to stay *Baker* (i.e., to enjoin the state court from proceeding with the case) in the event it is remanded. *See In re Tezos Secs. Litig.*, No. 17-cv-6679 (Dkt. No. 109). That motion is not yet ripe and will be ruled on at a later date.

## II. DISCUSSION

As explained in the Court's prior order, whether remand is appropriate in this action involves interpretation of jurisdictional provisions in the Securities Act of 1933 ("Securities Act" or "Act") as amended by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). In opposition to Baker's original remand motion, DLS contended removal was proper because SLUSA stripped state courts of jurisdiction over Securities Act covered class actions like this one. Baker, by contrast, asserted removal was explicitly barred by the anti-removal provision in 15 U.S.C. § 77v because this action does not fit the exceptions to the anti-removal provision "provided in section 77p(c)." Among other arguments, Baker noted: a) the Tezzies (or Tezos tokens) at issue are not "covered securities" as required for removal under section 77p(c); and b) courts in the Northern District, and throughout the Ninth Circuit, had been nearly uniform in rejecting the reading of SLUSA advanced by DLS.

The prior order acknowledged that Baker's position enjoyed more robust support within this District and Circuit. It also noted, however, that the consensus in this Circuit was not shared nationwide and that the Supreme Court was soon to address the contours of state court jurisdiction over Securities Act class actions in *Cyan*. Under the circumstances, the most prudent course was to refrain from issuing a decision on Baker's motion and to await the Supreme Court's guidance.

The Supreme Court's decision in *Cyan* has now issued and Baker's position has been largely vindicated. The core holdings in *Cyan* are that: (1) "SLUSA did nothing to strip state courts of their longstanding jurisdiction to adjudicate class actions alleging only 1933 Act violations"; and (2) SLUSA did not "authorize removing such suits from state to federal court." *Cyan*, 138 S. Ct. at 1078. Moreover, the Supreme Court clarified that removal under section 77p(c) is limited to actions precluded by section 77p(b)—i.e., state-law class actions alleging securities misconduct *not* federal-law class actions like this one. Finally, *Cyan* notes that a "covered security" under the Act is defined as "a security traded on a national stock exchange" and emphasizes that "SLUSA's operative provisions"—including the state-law class action bar (*see* §77p(b)) and the corresponding ability to remove under §77p(c)—apply "to only transactions

ORDER GRANTING MOTION TO REMAND
CASE NO. 17-cv-06850-RS

2

in covered securities." *See id.* at 1071 (internal quotations omitted).

In light of this guidance, remand is appropriate. Tezos tokens are not traded on a national stock exchange and thus are not "covered securities." Accordingly, this action is not a state-law class action involving covered securities properly subject to removal under section 77p(c). Anvari's various arguments attempting to avoid this conclusion are unavailing. He is correct that this action raises novel questions of federal securities law and that remanding the case creates the risk that parallel state and federal proceedings could produce inconsistent (and even contradictory) conclusions regarding key questions of fact and law. The prior order acknowledged as much. *See* Dkt. No. 18 at 4. In essence, however, Anvari invites the Court to do exactly what the Supreme Court just cautioned against in *Cyan*: to give the statutory text a "broader reading than its language can bear" in the hopes of making "the world of securities litigation more consistent and pure." *See Cyan*, 138 S. Ct. at 1073, 1075. Anvari's invitation is declined.

### III. CONCLUSION

Baker's motion is granted. This action is hereby remanded to San Francisco Superior Court.

**IT IS SO ORDERED**.

Dated: April 19, 2018

RICHARD SEEBORG
United States District Judge

ORDER GRANTING MOTION TO REMAND
CASE NO. 17-cv-06850-RS
3