UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN COFFEY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RIPPLE LABS INC., et al.,<br><br>Defendants. | CASE NO.: 4:18-cv-03286-PJH<br><br>**[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>Date:  August 1, 2018<br>Time:  9:00 a.m.<br>Courtroom: 3<br>Judge:  Hon. Phyllis J. Hamilton |

The Court, having considered the Plaintiff's Motion to Remand ("Motion"), the Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion, declarations and exhibits, as well as the files in the case and any oral argument presented, and for good cause shown therein, it is hereby ORDERED as follows:

The Motion is DENIED on the grounds that the above-captioned matter was properly removed under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453 ("CAFA"). Plaintiff's request for attorney's fees and costs is DENIED.

Under CAFA, a putative class action may be removed to the appropriate federal district court if (1) the action purports to be a "class" action brought on behalf of 100 or more members; (2) any member of a class of plaintiffs is a citizen of a state different from any defendant; and (3) the amount in controversy exceeds $5 million. See 28 U.S.C. §§ 1332(d), 1453. Plaintiff concedes that this action meets these requirements. First, Plaintiff purports to assert claims on behalf of a nationwide class consisting of "thousands of class members." (Compl. ¶ 124.) Second, there is minimal diversity of citizenship as Defendants are citizens of California (Compl. ¶¶ 11-13), and the proposed class, which includes no geographical limitation, consists of persons throughout the United States and the world. (Compl. ¶ 122.) Third, as Plaintiff seeks rescission of sales of XRP, which he alleges were "over $342.8 million" in 2017 (Compl. ¶ 26), the amount in controversy requirement is met. Finally, none of the exceptions that preclude CAFA removal apply, nor has Plaintiff alleged that they do. See 28 U.S.C. § 1453(d)(1)-(3).

The Ninth Circuit's decision in Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031 (9th Cir. 2008), does not bar removal here. In Luther, the defendants removed an action asserting only claims under the Securities Act of 1933 ("Securities Act") pursuant to CAFA. Luther, 533 F.3d at 1033. In affirming the district court's order remanding the action, the court cited the removal limitation in Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and held that a class action brought in state court alleging *only* violations of the Securities Act was not removable even if it otherwise met the requirements of CAFA. See id. 1033, 1034. The court was not asked to address, and did not address, a situation where independently removable state law claims are joined with Securities Act claims. See id. All Luther considered was whether cases

1
[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION TO REMAND
CASE NO.: 4:18-cv-03286-PJH

alleging only federal Securities Act claims can be removed under CAFA.

Here, in addition to claims under the Securities Act, Plaintiff asserts state law claims under the California Corporations Code. These state law claims are plainly removable under CAFA, and Plaintiff does not dispute that his state law claims independently satisfy the requirements of CAFA. Thus, Luther did not address and does not control the circumstances presented here. Instead, the general rule that if one claim in an action is removable on diversity grounds (of which CAFA is a species), the entire action is removable, controls. See, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 559 (2005).

There is no exception to this general rule for circumstances in which a non-removable federal claim is asserted alongside removable state law claims. Under the general removal statute, 28 U.S.C. § 1441(a)—on which Defendants do *not* rely for removal here—removal is not permitted if non-removable claims are joined with removable claims. This is because Section 1441(a) authorizes removal when federal courts have "original jurisdiction" "[e]xcept as otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441(a). Courts have concluded that this exception language—"[e]xcept as otherwise expressly provided by Act of Congress"—refers to anti-removal statutes such as Section 22(a) and prevents removal of an action when such claims are asserted. See U.S. Indus., Inc. v. Gregg, 348 F. Supp. 1004, 1015 (D. Del. 1972), rev'd on other grounds, 540 F.2d 142 (3d Cir. 1976).

However, Section 1453—the CAFA removal statute, the statute on which Defendants *do* rely for removal—does not include the "[e]xcept as otherwise expressly provided by Act of Congress" language. See 28 U.S.C. § 1453. The omission of this language means that, unlike with Section 1441(a), Congress did not intend for non-removable claims to block the removal of otherwise removable actions. See Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 106 (2d Cir. 2004) (allowing removal of Securities Act claim under 28 U.S.C. § 1452 because that section does not include the exception language); FDIC v. Countrywide Fin. Corp., 2012 WL 12897152, at *1 (C.D. Cal. Mar. 20, 2012) (concluding that grant of federal jurisdiction over claims involving FDIC made action removable under Section 1441(b), which at that time provided for removal based on claims arising under federal law, and "trump[ed]" the removal bar in Section

22(a) because Section 1441(b) did not then contain exception language like Section 1441(a)). Accordingly, the entire action here is removable.

Moreover, the decision in Luther should be limited to its facts or reconsidered. First, it has been abrogated by the United States Supreme Court decision in Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547 (2014), a case decided six years after Luther. In reaching its decision, the Ninth Circuit in Luther relied on the general rule that "removal statutes are strictly construed against removal" and "any doubt is resolved against removability." Luther, 533 F.3d at 1034. However, in Dart Cherokee, the Supreme Court concluded that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." Dart Cherokee, 135 S. Ct. at 554. On the contrary, CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." Id. Luther is thus "clearly irreconcilable" with Dart Cherokee and not binding. See Jordan v. Nationstar Mortg. LLC, 781 F.3d 1178, 1184 (9th Cir. 2015) (reversing order of district court, "[i]n light of the Supreme Court's clear statement in Dart Cherokee that Congress intended for no antiremoval presumption to attend CAFA cases" and rejecting Luther's strict construction of CAFA against removal because it was inconsistent with Dart Cherokee).

Second, other courts have expressly disagreed with the holding in Luther. See Katz v. Gerardi, 552 F.3d 558 (7th Cir. 2009); New Jersey Carpenters Vacation Fund v. HarborView Mortg. Loan Tr. 2006-4, 581 F. Supp. 2d 581, 587 (S.D.N.Y. 2008). The reasoning of these courts is persuasive and counsels against expanding Luther to bar removal of actions that include removable state law claims.

In addition, contrary to Plaintiff's argument, Section 77p(c) of the Securities Act, enacted as part of the Securities Litigation Uniform Standards Act ("SLUSA"), does *not* provide the sole exception to the removal bar in Section 22(a), to the exclusion of removal under the later-enacted CAFA. Instead, CAFA was enacted to provide for removal of nationwide class actions in situations where Section 77p(c) did not. See Estate of Pew v. Cardarelli, 527 F.3d 25, 32 (2d Cir. 2008) (a "[r]eview of SLUSA and CAFA confirms an overall design to assure that the federal courts are

available for all securities cases that have national impact").

Courts have expressly rejected Plaintiff's contention that Section 77p(c) is the "lone exception" to Section 22(a). (Mot. 5:15.) In <u>California Public Employees' Retirement System v. WorldCom, Inc.</u>, 368 F.3d 86, 104-05 (2d Cir. 2004), for example, the court considered whether Section 22(a) and SLUSA precluded removal of Securities Act claims pursuant to "related to" bankruptcy jurisdiction, 28 U.S.C. § 1452.  In concluding that Section 22(a) and SLUSA did not prevent removal, the court reasoned that SLUSA, in providing a right to remove state law fraud class actions based on covered securities, was meant to *expand* federal jurisdiction.  As such, "[i]t would be ironic to read SLUSA as implicitly *contracting* federal jurisdiction." <u>Id.</u> at 104.  Other courts have reached similar conclusions.  See <u>Katz</u>, 552 F.3d at 561 (rejecting argument that action was not removable because it was not a "covered class action" under Section 77p(c)).  The cases Plaintiff cites in support of his argument, including <u>Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund</u>, 138 S. Ct. 1061 (2018), all addressed whether Securities Act claims were removable under Section 77p(c); they did not address whether actions asserting Securities Act and state law claims were removable under CAFA. Therefore, Plaintiff's cases are inapposite.

IT IS SO ORDERED.

DATED: _____, 2018

                        Hon. Phyllis J. Hamilton
                        United States District Judge
                        Northern District of California

Respectfully submitted by:

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By:       *s/ Peter B. Morrison*
            Peter B. Morrison
          Attorneys for Defendants
   Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse

4
[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION TO REMAND
CASE NO.: 4:18-cv-03286-PJH