1   James Q. Taylor-Copeland (SBN 284743)
    james@taylorcopelandlaw.com
2   **TAYLOR-COPELAND LAW**
    501 W. Broadway Suite 800
3   San Diego, CA 92101
    Tel:   619-400-4944
4

5   Attorney for Individual and Representative
    Plaintiff Ryan Coffey
6

7                  UNITED STATES DISTRICT COURT
                 NORTHERN DISTRICT OF CALIFORNIA
8

9

10  RYAN COFFEY, individually and on behalf of        Case No. 3:18-cv-3286-PJH
    all others similarly situated
11                                                     REPLY IN SUPPORT OF PLAINTIFF'S
                          Plaintiff,                   MOTION TO REMAND
12
    v.
13                                                     Date:   August 1, 2018
    RIPPLE LABS, INC., a Delaware corporation,         Time:   9:00 a.m.
14  XRP II, LLC, a South Carolina limited liability    Crtrm:  3
    company, BRADELY GARLINGHOUSE, an                  Judge:  Hon. Phyllis J. Hamilton
15  individual, and DOES 1 through 10, inclusive,

16                        Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

1      Plaintiff's Motion to Remand[1] presented a simple issue: Whether Defendants' removal of

2   this securities class action was barred by the Securities Act of 1933's ("Securities Act" or "Act")

3   strict removal bar and the Ninth Circuit rule that CAFA does not trump the Act's "specific bar to

4   the removal of cases arising under the Securities Act of 1933." *Luther v. Countrywide Home Loans*

5   *Servicing LP*, 533 F.3d 1031, 1033-34 (9th Cir. 2008).

6      Recognizing that they cannot square their position with the Securities Act's plain language

7   and the Ninth Circuit's ruling in *Luther*, Defendants presented this Court with a 24-page law review

8   article that attempts to distract from the straightforward rule by looking to everything except the

9   Act's explicit language and by ignoring the directly on-point decision and sound legal reasoning of

10  the Ninth Circuit in *Luther*.

11  **I.     THE SECURITIES ACT EXPRESSLY BARS REMOVAL**

12     As laid out in Plaintiff's Motion, the Securities Act "strictly forbids the removal of cases

13  brought in state court and asserting claims under the Act," and the Ninth Circuit has held that

14  "CAFA's general grant of the right of removal of high-dollar class actions does not trump" the

15  "*specific* bar to the removal of cases arising under the Securities Act of 1933." *Luther v.*

16  *Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1033-34 (9th Cir. 2008) (emphasis in

17  original).  By its plain language, Section 22(a) explicitly bars removal of ***all cases*** arising under the

18  Securities Act[2]—***not*** just individual Securities Act claims.  *Luther*, 533 F.3d at 1033 (Section 22(a)

19  "strictly forbids removal of ***cases*** brought in state court and asserting claims under the Act.").

20  Plaintiff therefore respectfully asserts that this Court lacks jurisdiction and must remand this case

21  to state court.

22        **a.   The Securities Act Explicitly Bars Removal of All Cases Arising Under the Act**

23     Not once in Defendants' 24-page brief do they confront the plain language of the Securities

24  Act's removal bar or offer a cogent explanation of why a bar on "removal of ***all cases*** arising under

25  the Securities Act," should only bar removal of individual claims.  15 U.S.C. §77(v)(a).  Instead,

26

27  ---
    [1] Plaintiff's Notice of Motion and Motion to Remand ("Motion") (ECF No. 16).  All emphasis is added and citations
    omitted throughout unless otherwise noted.
28  [2] Except as provided in section 77p(c).

1    Defendants make the conclusory assertion that the presence of Plaintiff's state law securities claims,

2    "makes this whole action removable regardless of Plaintiff's Securities Act claims."  Opposition at

3    2.  However, the cases Defendants rely upon for this proposition are entirely inapposite.  For

4    example, Defendants cite *Exxon Mobil Corp. v. Allapattah Servs. Inc.* for the proposition that "[i]f

5    the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction

6    over a 'civil action.'"  545 U.S. 546, 559 (2005).  But this does not in any way inform the issue at

7    hand.  Indeed, it is undisputed that federal courts have original jurisdiction over Securities Act cases

8    when those cases are brought in federal court, and it is also undisputed that removal of Securities

9    Act cases is prohibited.  *Cyan v Beaver County Employees Retirement Fund, et al.* 138 S. Ct. 1061

10   (2018) ("[C]ases arising under" the Securities Act can be brought in state court and are expressly

11   non-removable from state court).

12          Defendants' contention that this securities class action is removable because Plaintiff's state

13   law claims are "independently removable," is also entirely unsupported and contradicted not only

14   by the Securities Act's removal bar, but by CAFA itself.   Opposition at 3.  CAFA does not permit

15   removal of individual claims, but rather allows for entire "class actions to be removable to federal

16   court."  *Luther*, 533 F.3d at 1034.  However, CAFA and the Securities Act's removal bar "cannot

17   mutually coexist," and the "specific bar against removal in the Securities Act of 1933 trumps

18   CAFA's general grant of diversity and removal jurisdiction."  *Id.* at 1033.

19          Defendants then argue that the straightforward application of *Luther* to securities class

20   actions containing both Securities Act and state law securities claims would run counter to the Ninth

21   Circuit's reasoning that Section 22(a) is more specific than CAFA because it deals with a more

22   "narrow, precise, and specific subject."  Opposition at 8.  But this is simply untrue. The Securities

23   Act's removal bar (as amended by SLUSA) deals only with "the narrow subject of securities cases,"

24   not the "more generalized spectrum" of class actions covered by CAFA.  *Luther,* 533 F.3d at 1034.

25   This remains true if the removal bar is applied, as it is worded, to all cases arising out of the

26   Securities Act, whether or not they also contain state law securities claims.  In fact, an examination

27

28

REPLY ISO MOTION TO REMAND
Case No. 3:18-CV-3286

1   of the history of the Securities Act's removal bar reveals that it was designed to protect plaintiff's

2   choice of venue in *all* securities class actions.

3         Prior to the Securities Act, state statutes, many of which did not confer a private right of

4   action, were investors' primary source of protection.  While the Act provided new federal rights to

5   investors, it was mindful of the states' traditional role in regulating this area.  "It not only granted

6   federal and state courts concurrent jurisdiction over claims arising under the Act and did nothing to

7   preempt states' blue-sky laws, but it also included an anti-removal provision that expressly blocked

8   the removal of 1933 Act claims filed in state court."  *Rajasekaran v. CytRx Corp.*, No. CV 14-3406-

9   GHK(PJWx), 2014 WL 4330787, at *1 (C.D. Cal. Aug. 21, 2014).

10         "So if a plaintiff chose to bring a 1933 Act suit in state court, the defendant could not change

11   the forum."  *Cyan*, 138 S. Ct. at 1066.  "Anti-removal provisions rarely appear in federal statutes,"

12   and "such provisions evidence an intent to empower plaintiffs by protecting their choice of forum."

13   *CytRx*, 2014 WL 4330787, at *1 *citing Pinto v. Maremont Corp.*, 326 F.Supp. 165, 167 n.2

14   (S.D.N.Y. 1971).  Defendants' twisted reading would thus undermine the purpose of the Securities

15   Act's broad removal bar—preserving the ability of state courts to adjudicate securities cases.

16        **b.   Section 77(p)(c) Provides the Lone Exception to the General Removal Bar**

17         As laid out in Plaintiff's Motion, Section 77(p)(c) provides the lone exception to the

18   Securities Act's general removal bar and illustrates that the bar is intended to preclude removal of

19   cases containing both Securities Act and state law claims.  Defendants attempt to sidestep this by

20   misconstruing the Supreme Court's holding *Cyan*, portraying it as standing only for the proposition

21   that "Section 77p(c) is not a source of removal authority of Securities Act claims."  Opposition at

22   3.  However, *Cyan* reaffirms that the Securities Act bars removal of Securities Act cases and that

23   SLUSA, through Section 77p(c), provides for a limited exception to the removal bar for cases

24   containing state law claims alleging fraud in connection with the sale of covered securities.  *Cyan,*

25   138 S. Ct. at 1076 n. 5 ("In light of SLUSA's text and *Kircher's* holding, it should come as no

26   surprise that all seven Court of Appeals to have considered the matter have concluded the § 77p(c)

27   allows removal of only class actions falling within § 77p(b)'s prohibition.").

28

1

2      Since the XRP at the heart of this litigation are not covered securities, the state law claims

3  are not prohibited, and Section 22(a) bars removal.  If Congress intended to permit removal for

4  Securities Act cases that included state law claims in cases involving non-covered securities, it

5  would have explicitly said so, as it did when it allowed for the removal of the prohibited cases

6  identified in Section 77p(b).  As the Supreme Court noted in *Cyan*, "against the backdrop of the

7  1933 Act's general removal bar," SLUSA added the italicized exception:

8        "*Except as provided in section 77p(c) of this title,* no case arising under this
       subchapter and brought in any State court of competent jurisdiction shall be
9        removed to any court of the United States."

10     138 S. Ct. at 1068.  This "narrow exception to the general antiremoval rule," further

11  illustrates that the general antiremoval bar precludes removal of ***all cases*** bringing claims under the

12  Securities Act—and not just removal of Securities Act claims themselves.  *Cervantes v. Dickerson*,

13  No 15-cv-3825-PJH, 2015 WL 6163573, at \*4 (N.D. Cal. Oct. 21, 2015).  Any other reading would

14  render the except clause mere surplusage.

15     Section 77p(c) provides that class actions described in Section 77p(b) "shall be removable

16  to federal court."  15 U.S.C. § 77p(c).  As this Court observed in *Cervantes*, section 77p(b) in turn

17  applies ***only*** to "covered class actions based upon the statutory or common law of any State" alleging

18  an untrue statement or the employment of a deceptive device "***in connection with the purchase or***

19  ***sale of a covered security***." 15 U.S.C. §77p(b)).

20     "The most logical way of reading these provisions is that only covered class actions based

21  on state law can be removed to federal court, and only for the purpose of dismissing the precluded

22  state law claims as required by § 77p(b)." *Cervantes*, 2015 WL 6163573, at \*4.  If the Securities

23  Act's removal bar applied only to individual Securities Act claims and not cases containing both

24  Securities Act and state law claims, there would have been no need for Congress to carve out an

25  exception to Section 22(a)'s general antiremoval rule for the covered class actions identified in

26  77p(b) because the individual claims identified in 77p(b) could be removed anyway under Section

27  77p(c).

28

1        Section 77p(c)'s limited exception to the general antiremoval bar ***does not*** permit removal

2  of cases, like this one, involving "transactions in uncovered securities," because those securities,

3  "are 'primarily of state concern,' and SLUSA 'maintains state legal authority' to address them."

4  *Cyan*, 138 S. Ct. at 1071 quoting *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, at (2014).

5  Except, under Defendants' view, "the law would strip state courts of jurisdiction over suits about

6  securities raising no particular national interest." *Cyan,* 138 S. Ct. at 1071.  That result is out of line

7  with the clear wording of the Securities Act's removal bar and binding Supreme Court and Ninth

8  Circuit precedent.   Because this case arises out of the Securities Act and is not based on any state

9  law claim alleging fraud in connection with the purchase or sale of a covered security, the Securities

10  Act bars removal, this court lacks subject matter jurisdiction, and remand must be granted under

11  §1447(c).  *Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006) ("Once removal jurisdiction under

12  subsection (c) is understood to be restricted to precluded actions defined by subsection (b), a motion

13  to remand claiming the action is not precluded must be seen as posing a jurisdictional issue.")

14        Despite Defendants' protestations, Judge Seeborg's recent decision to remand *Baker v.*

15  *Dynamic Ledger Solutions* is also instructive as it presented nearly identical facts to the instant

16  case.[3]  *See Baker v. Dynamic Ledger Solutions*, 17-cv-06850-RS, ECF No. 34 (N.D. Cal. April 19,

17  2018).   Just as in the instant case, the Plaintiff in *Baker* brought Securities Act claims ***and*** state law

18  claims against defendants alleging that their ICO constituted an unregistered offer and sale of

19  securities.  Judge Seeborg initially stayed the case awaiting instruction from the Supreme Court in

20  *Cyan*.  However, following the *Cyan* decision he remanded the case, noting that although the Baker

21  case included state law claims, the "Tezos tokens are not traded on a national stock exchange and

22  thus are not 'covered securities.'  Accordingly, this action is not a state-law class action involving

23  covered securities properly subject to removal under section 77p(c)."  *Id.* at 3. So too here.

24       **c.  Examination of Other Removal Statutes Reveals That When Congress Wants to
Carve Out an Exception From An Anti-Removal Rule It Does So Explicitly**

25

26

27

---

[3] The sole difference between the two cases is that Defendants in the *Baker* case, apparently recognizing that *Luther* is

28  controlling, did not oppose Plaintiff's motion to remand following the Supreme Court's decision in *Cyan.*

REPLY ISO MOTION TO REMAND
Case No. 3:18-CV-3286

1    Finally, Defendants analogize CAFA removal to general diversity removal under Section

2    1441(c) prior to its amendment in 1990 and contend that the inclusion of both state and federal

3    securities claims in this case is sufficient to justify removal because "[t]he general rule with respect

4    to diversity jurisdiction, of which CAFA is a species, is that the federal court's jurisdiction over one

5    claim confers jurisdiction over the entire action."   But this is simply not the case.   In fact,

6    examination of Defendants' own authority reveals that federal courts have consistently remanded

7    cases containing Securities Act claims and related claims that would otherwise be removable.

8    *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1197 (9th Cir. 1988) (Remanding case because RICO

9    claim and Securities Act claims arise "from the same set of acts and the same group of wrongs: the

10   allegedly fraudulent sale of Sambo securities.").

11   Section 1441(c) specifically addressed when federal courts could exercise removal

12   jurisdiction where state law claims were joined with non-removable claims such as Securities Act

13   claims, and authorized removal of cases alleging violations of the Securities Act *only* where the

14   state law claim was "***separate and independent***" of the Securities Act claim.   Section 1441(c)

15   illustrates that Congress understood the potential conflict between diversity jurisdiction and cases

16   that that are "nonremovable by statute," and explicitly set forth the limited circumstances in which

17   removal of an action containing non-removable claims was permitted.   So too for CAFA.   Had

18   congress intended for CAFA to allow removal of cases, like this one, containing claims that are

19   expressly "nonremovable by statute" it would have said so.

20   The Supreme Court set forth the standard for applying Section 1441(c)'s "separate and

21   independent" test in *American Fire & Cas. Co. v. Finn*, concluding that "where there is a single

22   wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there

23   is no separate and independent claim or cause of action under 1441(c)."   341 U.S. 6, 13.

24   There can be no dispute that Plaintiff's Securities Act and state law securities claims arise

25   from the same wrong—Defendants' sale of unregistered XRP securities—and would thus have been

26   nonremovable under 1441(c).   *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1197 (9th Cir. 1988)

27   (Remanding case containing RICO claim and Securities Act claims because "plaintiffs' RICO claim

28

1  cannot be characterized as sufficiently distinct from the 1933 Act claim because each arises from

2  the same set of acts and the same group of wrongs: the allegedly fraudulent sale of the Sambo

3  securities."); *Milton R. Barrie Co., Inc. v. Levine*, 390 F.Supp. 475, 477 (S.D.N.Y. 1975)

4  (Remanding case alleging violations of the Securities Act and state law even though diversity

5  requirements were otherwise met, because "[a]ll three causes of action derive from a single

6  transaction—the sale of the outstanding stock of Amberlite Plastics Corp.—which plaintiff claims

7  to have been fraudulently induced.  These claims represent nothing more than alternative theories

8  of recovery for the single wrong which plaintiff claims to have suffered as a result of defendants'

9  alleged misrepresentations."); *Crowe v. Deutsch Bank*, 330 F.Supp.2d 813, 817 (S.D. Miss. 2004)

10  (finding that Exchange Act claim was not "separate and independent" from Securities Act claim

11  because Exchange Act claim was "based, at least in part, on the same facts that form the basis of

12  the 1933 Act claim, the 1934 Act claim cannot fairly be said to be 'separate and independent' from

13  the 1933 Act claim."); *Nexbank, SSB v. BAC Home Loan Servicing, LP*, 2010 WL 11618883, at *3

14  (N.D. Tex. Sept. 15, 2010) (Remanding case alleging Securities Act and Exchange Act claims

15  because "both claims stem from a 'single wrong,' the sale of the mortgage-backed securities.").

16  **II.    *Luther* is Binding**

17      Recognizing the futility of squaring their position with the Ninth Circuit's binding *Luther*

18  decision, Defendants are forced to dedicate more than half their brief to arguing that *Luther* must be

19  reconsidered.  But this position is untenable.  The Supreme Court's decision in *Darth Cherokee* is

20  not in conflict with *Luther*, and the out-of-circuit precedent Defendants rely upon cannot supplant

21  binding Ninth Circuit precedent and is also outweighed by later precedent reaffirming the reasoning

22  underpinning *Luther*.

23      **a.  *Luther* Has Not Been Undermined by *Dart Cherokee***

24      In concluding that "CAFA's general grant of the right of removal of high-dollar class actions

25  does not trump § 22(a)'s specific bar to removal of cases arising under the Securities Act of 1933,"

26  the Ninth Circuit noted that "[i]n general, removal statutes are strictly construed against removal."

27  *Luther*, 533 F.3d at 1034.  Defendants argue that the "reasoning" underpinning *Luther* is "clearly

28

REPLY ISO MOTION TO REMAND
Case No. 3:18-CV-3286

1    irreconcilable" with the Supreme Court's decision in *Dart Cherokee Basin Operating Co. LLC v.*

2    *Owens.*  Opposition at 15-17.  But that is simply not the case.

3           The "single question" confronted by the Supreme Court in *Dart Cherokee* was: "To assert

4    the amount in controversy adequately in the removal notice, does it suffice to allege the requisite

5    amount plausibly, or must the defendant incorporate into the notice of removal evidence supporting

6    the allegation?"  135 S.Ct. 547, 548.  The Supreme Court held that the answer was "supplied by the

7    removal statute itself," and that CAFA removal notices thus "need not contain evidentiary

8    submissions" regarding the amount in controversy.  The Court also noted in passing that no

9    antiremoval presumption attends to the threshold of CAFA applicability.  *Id.* at 551.  Defendants

10   take this language out of context to make *Dart Cherokee* appear to be a much broader holding.

11   However, *Dart Cherokee* simply did not consider a situation, like *Luther*, where CAFA removal

12   conflicts with a narrower anti-removal statute.  Nor was the Ninth Circuit's decision in *Luther*

13   predicated upon a finding that removal statues are construed against removal.  Rather, as laid out

14   below, the Ninth Circuit's holding in *Luther* was based on "the basic principle of statutory

15   construction that a statute dealing with a narrow, precise and specific subject is not submerged by a

16   later enacted statute cover a more generalized spectrum."  *Luther*, 533 F.3d at 1034.  The decision

17   in *Dart Cherokee* thus does not undermine the Ninth Circuit's reasoning in *Luther* at all—let alone

18   render it "clearly irreconcilable," with the latter case.  *Luther* remains good law in the Ninth Circuit

19   and applies here.

20              a.   *Cyan* **Reinforces the Rationale Underpinning** *Luther*

21          In determining that "CAFA's general grant of the right of removal of high-dollar class

22   actions does not trump § 22(a)'s specific bar to the removal of cases arising under the Securities

23   Act," the Ninth Circuit relied on the "basic principle of statutory construction that a statute dealing

24   with a narrow, precise and specific subject is not submerged by a later enacted statute cover a more

25   generalized spectrum," and determined that, "the Securities Act of 1933 is the more specific

26   statutes," because "it applies to the narrow subject of securities cases."  *Luther*, 533 F.3d at 1034.

27

28

REPLY ISO MOTION TO REMAND
Case No. 3:18-CV-3286

1   Defendants contend that this conclusion has been challenged by subsequent out-of-circuit

2   district court and appellate decisions.  This is both beside the point and wrong.  While out-of-circuit

3   district court and appellate decisions are not controlling, subsequent authority, including the

4   Supreme Court's decision in *Cyan*, yields additional support for the reasoning underpinning *Luther.*

5   In *Cyan* the Supreme Court recognized that "[s]tate courts thus had as much or more power over

6   the 1933 Act's enforcement as over any federal statutes.  To think Cyan right, we would have to

7   believe that Congress upended that entrenched practice not by any direct means, but instead by way

8   of a conforming amendment to §77v(a) . . ."  *Cyan* 138 S. Ct. at 1071.  Yet that is exactly the

9   reasoning Defendants apply here—contending that Congress effectively stripped state courts of the

10  right to hear securities class actions, not by saying so directly, but instead by modifying diversity

11  jurisdiction to allow federal courts to hear certain class actions.  That would be an absurd result.  "If

12  Congress had wanted to deprive state courts of jurisdiction over 1933 Act class actions, it had an

13  easy way to do so," when it amended the Securities Act with the PSLRA in 1995 or SLUSA in 1998.

14  *Id.*  It did not. Both amendments focused on narrow procedural and jurisdictional issues in securities

15  class actions, and neither did anything to strip state courts of jurisdiction over Securities Act cases

16  or permit removal of those cases, except as explicitly allowed in Section 77p(c).  *Cyan* 138 S. Ct. at

17  1071.

18  Indeed, the only way this Court can deny Plaintiff's Motion to Remand is to ignore the

19  Securities Act's unambiguous removal bar and the controlling *Luther* decision, thereby refuting a

20  fundamental long-standing principle of statutory construction: "Where there is not clear intention

21  otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the

22  priority of enactment."  *Morton v. Mancari*, 417 U.S. 535, 549 (1974); *see also Marquez v. GNS &*

23  *Associates, Inc.* 2017 WL 4479365 (June 27, 2017) ("[T] he undersigned is not convinced that, by

24  specifying certain exceptions to removal within it, CAFA's removal statue intended to categorically

25  exclude all other exceptions to removal. The exceptions set forth in § 1453(d) were intended to

26  apply to "th[at] section" only, while the exceptions in § 1445, located within the same chapter of

27

28

REPLY ISO MOTION TO REMAND
Case No. 3:18-CV-3286

1  Title 28 of United States Code, categorically bars removal of four different kinds of actions without

2  any express limitation of their application to certain sections, chapters, titles, etc.")

3  **III.   PLAINTIFF REQUESTS AN AWARD OF COSTS AND EXPENSES**

4  Defendants' Opposition illustrates that their removal lacked a reasonable basis in light of

5  the Ninth Circuit's controlling holding in *Luther* that "CAFA's grant of the right of removal of high-

6  dollar class actions does not trump § 22(a)'s specific bar to the removal of cases arising under the

7  Securities Act of 1933." *Luther*, 533 F.3d at 1033-34.  Accordingly, Plaintiff respectfully requests

8  that the Court's order provide that Plaintiff may apply for an award of attorney's fees not later than

9  30 days from the Court's order is filed if the parties cannot agree on the amount.

10  **IV.   CONCLUSION**

11  Given the plain language of the Securities Act's bar on removal of all "cases arising under"

12  it, and binding Ninth Circuit precedent holding that "CAFA's grant of the right of removal of high-

13  dollar class actions does not trump the "*specific* bar to the removal of cases arising under the

14  Securities Act of 1933," Plaintiff respectfully asks that this Court remand this case to State Court

15  and order Defendants to pay for costs and attorney's fees incurred in bringing this motion to remand.

16  *Luther*, 533 F.3d 1031, 1033-34 (9th Cir. 2008)

17  Defendants' Opposition reveals that they lacked an objectively reasonable basis for seeking

18  removal under CAFA because the Ninth Circuit has held that the Securities Act "strictly forbids the

19  removal of cases brought in state court and asserting claims under the Act," regardless of whether

20  those claims would otherwise be removable under CAFA.  *Luther*, 533 F.3d 1031, 1033-34 (9th Cir.

21  2008).

22

23

24  Dated:  July 18, 2018                    **TAYLOR-COPELAND LAW**

25

26  By:/James Taylor-Copeland
       James Q. Taylor-Copeland

27  Attorney for Lead Plaintiff Ryan Coffey

28

10