PETER B. MORRISON (SBN 230148)
peter.morrison@skadden.com
VIRGINIA F. MILSTEAD (SBN 234578)
virginia.milstead@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 3400
Los Angeles, CA 90071
Telephone: (213) 687-5000
Facsimile:   (213) 687-5600

JOHN NEUKOM (SBN 275887)
john.neukom@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
525 University Avenue, Suite 1400
Palo Alto, California 94301
Telephone: (650) 470-4500
Facsimile:   (650) 470-4570

Attorney for Defendants
Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN COFFEY, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>         v.<br><br>RIPPLE LABS INC., et al.,<br><br>                    Defendants. | CASE NO.: 4:18-cv-03286-PJH<br><br>**NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS PURSUANT TO CIVIL LOCAL RULE 3-13** |

Pursuant to Civil Local Rule 3-13, Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse (together, "Defendants") respectfully give notice of the following pending actions: <u>Vladi Zakinov v. Ripple Labs, Inc. et al</u>, No. 18-CIV-02845 filed in the Superior Court of San Mateo County, California on June 5, 2018 (the "Zakinov Action") and <u>David Oconer v. Ripple Labs, Inc. et al</u>, No. 18-CIV-03332 filed in the Superior Court of San Mateo County, California on June 27, 2018 (the "Oconer Action").  The actions are concerning "all or a material part of the same subject matter" and involve "all or substantially all of the same parties" as the instant action.  Therefore, Defendants are notifying this Court of these Actions.  Civ. L.R. 3-13(a).

## I. THE ZAKINOV AND OCONER ACTIONS INVOLVE THE SAME SUBJECT MATTER AS THE INSTANT ACTION

On May 3, 2018, Plaintiff commenced this putative class action against Defendants Ripple Labs Inc., XRP II, LLC, and Bradley Garlinghouse by filing a complaint in the Superior Court of San Francisco County, California.  Plaintiff asserted claims on behalf of all purported purchasers of XRP from January 1, 2013 through the present, alleging violations of §§ 5, 12(a)(1), and 15 of the Securities Act of 1933 ("Securities Act") and §§ 25110, 25503, and 25504 of the California Corporations Code.  (Compl. ¶ 87.)  Plaintiff alleges that he and members of the purported class purchased the virtual currency, XRP, on "cryptocurrency exchanges." (Compl. ¶¶ 100-101, 119-122.)  Plaintiff claims that he and members of the purported class were somehow injured because Defendants were allegedly required to register XRP as a "security" with the Securities & Exchange Commission ("SEC") but failed to do so.

On June 5, 2018, Plaintiff Vladi Zakinov filed suit against Defendants Ripple Labs Inc., XRP II, and Bradley Garlinghouse in the Superior Court of San Mateo County, California.  The Zakinov Action asserts claims pursuant to §§ 25503, 25504, and 25110 of the California Corporations Code on behalf of California citizens who purchased XRP from January 1, 2013 to the present and is based on the same alleged misconduct by Defendants, failure to register XRP as a security.  The California Corporations Code claims are similar to the Corporations Code and Securities Act claims asserted in this action.

On June 27, 2018, Plaintiff David Oconer filed suit against Defendants Ripple Labs Inc., XRP II, and Bradley Garlinghouse in the Superior Court of San Mateo County, California.  The

Oconer Action also asserts claims pursuant to §§ 25503, 25504, and 25110 of the California Corporations Code on behalf of California citizens who purchased XRP and is similarly based on the same alleged misconduct by Defendants, failure to register XRP as a security.

Thus, it is clear that the Zakinov and Oconer Actions involve "all or a material part of the same subject matter" and involve "all or substantially all of the same parties" as the instant action. Civ. L.R. 3-13(a).

## II. THE ZAKINOV AND OCONER ACTIONS SHOULD BE COORDINATED WITH THIS ACTION

When "the other action is pending before any state court," Civil Local Rule 3-13(b)(3)(C) requests a statement of "whether proceedings should be coordinated to avoid conflicts, conserve resources and promote an efficient determination of the action." Defendants respectfully submit that the Zakinov and Oconer Actions should be coordinated with this action because it is necessary and proper. Coordination of the actions would prevent Defendants from having to litigate substantially identical claims, at varying procedural postures, in different locations.

DATED: August 9, 2018

                                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                By:    */s/Peter B. Morrison*
                                            Peter B. Morrison
                                            Attorney for Defendants