United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN COFFEY,<br>   Plaintiff,<br>   v.<br>RIPPLE LABS INC., et al.,<br>   Defendants. | Case No. 18-cv-03286-PJH<br><br>**ORDER DENYING MOTION TO REMAND**<br>Re: Dkt. No. 16 |

This is a putative securities class action brought by plaintiff Ryan Coffey against defendants Ripple Labs, Inc. ("Ripple"), XRP II, LLC, a subsidiary of Ripple, and Bradley Garlinghouse, CEO of Ripple. Compl. at 1, ¶ 13. Plaintiff filed this action in the San Francisco Superior Court on May 3, 2018. On June 1, 2018, defendants removed this action pursuant to the Class Action Fairness Act ("CAFA"), under 28 U.S.C. § 1453 ("Removal of Class Actions"). See Dkt. 1.

Plaintiff's motion to remand came on for hearing before this court on August 1, 2018. Plaintiff appeared through his counsel, James Taylor-Copeland. Defendants appeared through their counsel, Peter Morrison. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiff's motion, for the following reasons.

**BACKGROUND**

In 2013, Ripple created a digital currency called XRP. Compl. ¶ 20. According to the complaint, unlike other cryptocurrencies, such as Bitcoin and Etherium, Ripple fully generated 100 billion XRP prior to its distribution. Compl. ¶¶ 2, 20. As of June 30, 2015,

Ripple held approximately 67.51 billion XRP and all individuals—including Ripple's founders—held 32.49 billion XRP. Compl. ¶ 24.

Plaintiff alleges that in 2013, defendants began selling XRP to the general public and wholesale to larger investors in a "never ending ICO"—initial coin offering. Compl. ¶¶ 22, 26. In an ICO, digital assets are sold to consumers in exchange for legal tender or other cryptocurrencies. Compl. ¶ 3. Plaintiff alleges that "the XRP offered and sold by defendants have all the traditional hallmarks of a security" and in fact is a security within the meaning of Securities Act of 1933 (the "Securities Act") and/or the California Corporations Code. Compl. ¶¶ 100-111, 133, 136, 139, 143. Accordingly, plaintiff contends that defendants "never ending ICO" constituted an unregistered sale of securities in violation of the Securities Act and the California Corporations Code.

On behalf of "all persons or entities who purchased XRP from January 1, 2013 through the present," Compl. ¶ 122, plaintiff asserts four causes of action for: (1) violation of §§ 5 & 12(a)(1) of the Securities Act for the unregistered offer and sale of securities; (2) violation of Cal. Corp. Code §§ 25110 & 25503 for the unregistered offer and sale of securities; (3) violation of § 15 of the Securities Act (control person liability); and (4) violation of Cal. Corp. Code § 25504 (control person liability). Plaintiff seeks, inter alia, rescission of all XRP purchases, damages, and a constructive trust over the proceeds of defendants' alleged sales of XRP. Compl. at 29-30.

**DISCUSSION**

That said, the present motion and this order address a narrow issue: Whether the presence of Securities Act claims bars a defendant from removing an action pursuant to § 1453 based on state law claims that independently satisfy CAFA's jurisdictional requirements. The court believes that this is an issue of first impression. The parties candidly admit that their research failed to turn up any case directly addressing this question and the court's own research fared no better.

The parties agree that absent plaintiff's Securities Act claims, defendants could properly remove this action under CAFA based on plaintiff's state law claims.[1] Plaintiff, however, argues that § 22(a) of the Securities Act operates as a complete bar on removing any action that includes a Securities Act claim. See 15 U.S.C. § 77v(a) ("§ 22"). Defendant responds that plaintiff's state law claims satisfy CAFA and therefore the entire action may be removed pursuant to § 1453, regardless of § 22(a)'s removal bar.

**A.  Legal Standard**

    **1.  Removal, Remand, and the Class Action Fairness Act**

The right to remove a case to federal court is entirely a creature of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). In general, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (discussing 28 U.S.C. § 1441). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. If a defendant fails to meet this burden, the action must be remanded.

Under § 1441(a), sometimes referred to the general removal statute, "a defendant generally may invoke federal removal jurisdiction if the case could have been filed in federal court." 16 James Wm. Moore et al., Moore's Federal Practice - Civil § 107.03 (2018). Such removal is usually grounded in either federal question jurisdiction or diversity jurisdiction—an action between citizens of different states that involves an amount in controversy that exceeds $75,000. See id.; see also 28 U.S.C. §§ 1331 (defining federal question jurisdiction), 1332(a) (defining one type of diversity), 1441 ("Removal of Civil Actions"). Section 1441(a) states:

---

[1] The court also finds the plaintiff's state law claims meet CAFA's requirements. Plaintiff seeks over $342.8 million in damages on behalf of a worldwide class consisting of "thousands" of members. Compl. ¶¶ 26, 122, 124; Compl. at 29.

3

> **Generally.**--<u>Except as otherwise expressly provided by Act of Congress</u>, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (underlining added, "§ 1441(a)'s except clause"); see also 28 U.S.C. § 1441(b) ("Removal based on diversity jurisdiction.").

CAFA "relaxed" the diversity requirements for putative class actions. See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 551 (2014). Contrary to the Ninth Circuit's general rule for removal, "[n]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." Id. at 554. Pursuant to CAFA, a defendant may remove an action under § 1453 if the amount in controversy exceeds $5 million, the putative class has more than 100 members, and the parties are minimally diverse. Id. at 552; 28 U.S.C. §§ 1332(d), 1453. Section 1453(b) states:

> **In general.** -- A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

28 U.S.C. § 1453(b). In addition, as discussed below, § 1453(d) sets forth three exceptions to removal under § 1453.

**2.    The Securities Act of 1933**

The Securities Act's "jurisdictional provision" is codified at Section 22(a). See Cyan, Inc. v. Beaver County Employees Retirement Fund, 138 S. Ct. 1061, 1068 (2018). As relevant here, that section states:

> (a) The district courts of the United States and United States courts of any Territory shall have jurisdiction of offenses and violations under this title and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, except as provided in 77p [§ 16] of this title with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. . . .

4

> Except as provided in 77p(c) [§ 16(c)], no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v(a). The first clause states that both state and federal courts have concurrent jurisdiction over non-§ 16 Securities Act claims. See Cyan, 138 S. Ct. at 1068-70. The second clause, § 22(a)'s "removal bar," generally prohibits the removal—at least under the Securities Act—of cases arising under the Securities Act, except as allowed by § 16(c). See id. at 1066, 1068

Though the § 16 exceptions factor into the analysis below, the parties agree that § 16 does not apply to this section. Rightly so. Section 16(b) "completely disallows (in both state and federal courts) sizable class actions that are founded on state law and allege dishonest practices respecting" the purchase or sale of a nationally traded security listed on a national stock exchange. Cyan, 138 S. Ct. at 1067. Section 16(c) provides for the removal of those actions, so that state law claims precluded by § 16(b) can be dismissed. Id. at 1067-68; see also Kircher v. Putnam Funds Trust, 547 U.S. 633, 644 (2006). Regardless of whether XRP is a "security," the parties agree that none of plaintiff's claims meet the other requirements of § 16(b). That agreement places the action outside of § 16(c)'s purview and outside of § 22(a)'s removal bar's lone exception. Thus, as relevant here, § 22(a)'s removal bar remains in play.

**B.     Analysis**

   **1.     Cyan, Kircher, and Luther Do Not Require Remand**

Though plaintiff concedes that he could find no case on all fours with the present situation, plaintiff argues that two Supreme Court cases and the Ninth Circuit's decision in Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031 (9th Cir. 2008), require this court to remand the action to state court. The court disagrees.

As an initial matter, the two Supreme Court cases, Kircher v. Putnam Funds Trust, 547 U.S. 633, 644 (2006), and Cyan, Inc. v. Beaver County Employees Retirement Fund,

1 138 S. Ct. 1061 (2018), have nothing to do with CAFA.[2] The former addressed the single question of "whether an order remanding a case removed under Securities Litigation Uniform Standards Act ["SLUSA"] is appealable notwithstanding [28 U.S.C.] § 1447(d)." Kircher, 547 U.S. at 636. The latter addressed two questions: (i) "did SLUSA strip state courts of jurisdiction over class actions alleging violations of only the Securities Act" and (ii) "did SLUSA empower defendants to remove such actions from state court to federal court." Cyan, 138 S. Ct. at 1066. Those three issues have no bearing on removability under CAFA.

Luther, on the other hand, addressed both CAFA and § 22(a), and is a closer question. In Luther, the Ninth Circuit considered whether an action that solely alleged Securities Act claims could be removed under CAFA. Luther, 533 F.3d at 1032, 1034. Luther reasoned that because § 22(a) dealt "with a narrow, precise, and specific subject" that "applie[d] only to claims arising under the Securities Act" it was "not submerged by [CAFA,] a later enacted statute covering a more generalized spectrum of class actions." Id. at 1034. Thus, Luther held that, "by virtue of § 22(a) of the Securities Act of 1933, [plaintiff's] state court class action alleging only violations of the Securities Act of 1933 was not removable." Id. (emphasis added); but see Katz v. Gerardi, 552 F.3d 558, 561-62 (7th Cir. 2009) (discussing Luther and holding the opposite); New Jersey Carpenters Vacation Fund v. HarborView Mortg. Loan Tr. 2006-4, 581 F. Supp. 2d 581, 585-88 (S.D.N.Y. 2008) (same).

The present situation is dissimilar. Here, plaintiff alleges claims under both California law and the Securities Act. More importantly, defendants did not remove this action based on the Securities Act claim satisfying CAFA's requirements—likely a losing proposition under Luther. Instead, defendants removed this action based on plaintiff's

---

[2] Plaintiff also points to Baker v. Dynamic Ledger Solutions, 17-cv-06850-RS, ECF No. 34 (N.D. Cal. April 19, 2018), where the court remanded an action involving both state law and Securities Act claims. That decision does not help plaintiff or assist the court because the Baker defendant removed the action pursuant to § 1441(a), rather than § 1453. As discussed below, two removal statutes treat antiremoval provisions differently.

6

California claims, which independently satisfy CAFA's requirements. Luther says nothing about that situation.

In addition, part of Luther's reasoning has been undermined by the Supreme Court's decision in Dart Cherokee. The Luther court relied on the Ninth Circuit's general rule that "removal statutes are strictly construed against removal," and that "any doubt is resolved against removability." Luther, 533 F.3d at 1034. The Supreme Court has subsequently rejected that premise. Noting that the district court's remand order relied on the same faulty premise, the Court determined "that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." Dart Cherokee, 135 S. Ct. at 554 (vacating 10th Circuit's decision denying review of district court's remand order). One year later, the Ninth Circuit recognized that Dart Cherokee undermines Luther's reasoning on that point. See Jordan v. Nationstar Mortg. LLC, 781 F.3d 1178, 1183 n.2 (9th Cir. 2015) (citing Luther and stating "We are not bound by our court's prior rulings" because "Dart Cherokee undercut[s] the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." (quotation marks omitted)). And one authority has suggested that Dart Cherokee's "assertion that no antiremoval presumption applies to cases removed under CAFA," calls into question Luther's holding regarding § 22(a) and § 1453. See Moore et al., 16 Moore's Federal Practice - Scope of Removal, § 107.91[1][b] (2018).

### 2. The Role of Removal Provisions

With no directly applicable authority, the court first turns to reviewing how removal provisions operate generally, outside the context of the disputed statutes. As noted, "[t]he right to remove a case from state to federal court is purely statutory, being dependent on the will of Congress." Wright and Miller, 20 Fed. Prac. & Proc. Deskbook § 40, Scope of the Removal Jurisdiction (2018). That is, a defendant must point to some statute that allows the defendant to deprive the plaintiff of her choice of forum. See id.

("[I]n addition to the general removal statute," § 1441(a), "there are certain other statutes authorizing removal . . .").

If a defendant is, for example, faced with a claim under the federal Fair Labor Standards Act, the defendant may remove the action under § 1441(a). That is because § 1441(a), subject to its except clause, allows for removal of "any civil action" that the U.S. district courts have original jurisdiction over—such as a claim asserting a violation of a federal statute. See 28 U.S.C. § 1331. Similarly, if § 1332(a)'s general diversity jurisdiction requirements are met, then a defendant may remove the action under § 1441(a), so long as the removal also complies with § 1441(b). See 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(b) (providing additional guidance for removal based on jurisdiction under § 1332(a)). That is uncontroversial.

It is also uncontroversial that the defendants in the above situations may successfully remove the action without satisfying the requirements of other inapplicable removal provisions. That is, a defendant removing an action under § 1441(a) based on federal question jurisdiction, defined by § 1331, need not show that diversity jurisdiction, defined by § 1332, also exists. Or, put another way, the federal question plaintiff cannot defeat removal by arguing that the defendant has not complied with § 1441(b) or met § 1332's diversity jurisdiction requirements. Those two sections are inapplicable when removing based on federal question jurisdiction. The converse, of course, is also true. A defendant may remove an action based on diversity jurisdiction even if the action does not present a federal question. Indeed, that is the very purpose of diversity jurisdiction.

The same is true for a foreign state defendant removing a civil action under § 1441(d).[3] That defendant may remove the action if it meets the requirements of subsection (d), regardless of whether the removal complies with subsections (a) or (b).

---

[3] Section 1441(d) states: "Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the place where such action is pending. . . ."

And the plaintiff in that case could not defeat removal by pointing to §§ 1331, 1332, 1441(a), or (b). Teledyne, Inc. v. Kone Corp., 892 F.2d 1404, 1407, 1409 (9th Cir. 1989) (action not removable under federal question jurisdiction or § 1332 but removable under § 1441(d); "Congress explicitly drafted subsection 1441(d) as a provision to which the generally-applicable rules of removal do not apply.").

Section 1441 is hardly unique in that regard. The other statutes authorizing removal also operate independently. For example, § 1442(a) and (b) authorize removal of actions against certain federal officers or agencies. Nothing in § 1442 directs a removing defendant to comply with any part of § 1441 and, accordingly, a defendant may remove the action without meeting the diversity, federal question, or foreign state jurisdictional requirements. See, e.g., Leite v. Crane Co., 749 F.3d 1117, 1120, 1122, 1124 (9th Cir. 2014) (removal of action alleging only state law tort claims proper under § 1442, recognizing that "defendants enjoy much broader removal rights under" § 1442 "than they do under" § 1441). The same goes for removal under § 1442a (actions against members of the armed forces), § 1443 (certain civil rights actions), § 1452 (claims related to bankruptcy cases), and § 1454 (patent & copyright cases)—a defendant may remove claims or actions under these sections regardless of the requirements set forth in any other removal provision. See, e.g., Mir v. Fosburg, 646 F.2d 342, 344 (9th Cir. 1980) ("Our holding can be stated simply: unlike removal pursuant to [§ 1441], a district court has jurisdiction to hear an action removed pursuant to [§ 1442a] even if the initial action could not have been commenced by the plaintiff in a federal forum."); Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1010 (9th Cir. 1997) ("The purpose of section 1452 is to enlarge a trial court's power to remove or remand a claim related to a bankruptcy case."); Carrabus v. Schneider, 111 F. Supp. 2d 204, 207 (E.D.N.Y. 2000) (action removed pursuant to one jurisdictional statute made "consideration of the alternative bases for removal superfluous.").

It is also worth noting that statutes authorizing removal also appear outside of Title 28. See also, e.g.,12 U.S.C. § 1819(b)(2)(B) (removal provision for actions involving the FDIC). Section 16(c) of the Securities Act is one such provision. See, e.g., Kircher, 547 U.S. at 643-44 ("[R]emoval jurisdiction under subsection (c) is understood to be restricted to precluded actions defined by subsection (b)."); Cyan, 138 S. Ct. at 1076 (same). Just like the above-discussed removal provisions, § 16(c) provides an independent basis for removal. If a defendant wishes to remove state law claims precluded by § 16(b) of the Securities Act, the defendant need only comply with § 16(c). The defendant does not need to comply with, for example, § 1441, or any other provision authorizing removal.[4] The converse also works. A defendant cannot remove a non-§ 16 Securities Act action under § 1441(a) because that subsection states "Except as otherwise expressly provided by Act of Congress." As such, § 22(a)—barring removal of non-§ 16 Securities Act actions—prevents defendant from fully complying with § 1441(a).

The point being, a defendant may successfully remove an action from state to federal court by pointing to and complying with **a** statutory basis for removal, not **every** statutory basis for removal. See, e.g., Mir, 646 F.2d at 344; Leite, 749 F.3d at 1122; see also Lanier v. Norfolk S. Corp., No. 1:05-3476-MBS, 2006 WL 1878984, at *1 (D.S.C. July 6, 2006), aff'd, 256 F. App'x 629 (4th Cir. 2007) (denying motion to remand, though defendant failed to show removal was proper under § 1331, § 1332, or § 1442(a)(1), removal was proper under § 1453). Implicitly applying that rule, numerous cases have held antiremoval provisions do not prohibit removal under non-§ 1441(a) removal provisions. See, e.g., Emrich v. Touche Ross & Co., 846 F.2d 1190, 1197-98 (9th Cir. 1988) (explaining that § 22(a) prohibited removal of Securities Act claim under § 1441(a), but did not prohibit removal under prior version of subsection (c), though that subsection's other requirements were not met); Escobar v. Celebration Cruise Operator,

---

[4] In fact, contrary to federal question removal under §§ 1331 & 1441(a), § 16(c) specifically contemplates the removal of state law claims.

10

Inc., 805 F.3d 1279, 1293 (11th Cir. 2015) (Jones Act antiremoval provision did not bar removal under 9 U.S.C. § 205, which provided for removal of certain actions involving arbitration agreements); California Pub. Employees' Ret. Sys. v. WorldCom, Inc., 368 F.3d 86, 106 (2d Cir. 2004) (comparing § 1452 to § 1441(a) and concluding that § 22(a) did not bar removal pursuant to § 1452); Pac. Life Ins. Co. v. J.P. Morgan Chase & Co., 2003 WL 22025158, at *2 (C.D. Cal. June 30, 2003) (same, "Section 22(a) proscribes removal based on federal question jurisdiction under [§ 1441(a)], but does not prevent removal based on other grounds."); Henry v. Kansas City S. Ry. Co., No. CIV.A. 10-00469, 2010 WL 2740016, at *5-6 (W.D. La. July 9, 2010) (removal under § 1452(a) proper despite § 1445(a)'s antiremoval provision); FDIC v. Countrywide Financial Corp., 2012 WL 12897152, at *1-2 (C.D. Cal. Mar. 20, 2012) (§ 22(a) did not bar removal pursuant to pre-2011 § 1441(b), which provides an independent basis for removal and "does not echo § 1441(a)'s deference to removal bars").

### 3. Section 1453's Text

With that background, the court turns to § 1453. "As with any question of statutory interpretation, [a court's] analysis begins with the plain language of the statute. [W]hen deciding whether the language is plain, [courts] must read the words in their context and with a view to their place in the overall statutory scheme. If the statutory language is plain, we must enforce the statute according to its terms." Rainero v. Archon Corp., 844 F.3d 832, 837 (9th Cir. 2016) (additions in original, internal citations and quotation marks omitted). "If the plain meaning of the statute is unambiguous, that meaning is controlling and [the court] need not examine legislative history as an aid to interpretation unless the legislative history clearly indicates that Congress meant something other than what it said." Yocupicio v. PAE Grp., LLC, 795 F.3d 1057, 1060 (9th Cir. 2015) (interpreting CAFA).

It bears repeating, CAFA's removal provision, § 1453(b), states:

> **In general.**--A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(c)(1) shall not

11

apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

Put simply, a CAFA-qualifying class action may be removed by any defendant.[5]

Section 1453(d) specifically excepts certain actions from removal under § 1453:

> **Exception.**—This section shall not apply to any class action that solely involves—
>
> (1) a claim concerning a covered security as defined under section 16(f)(3) of the Securities Act of 1933 (15 U.S.C. 78p(f)(3)) and section 28(f)(5)(E) of the Securities Exchange Act of 1934 (15 U.S.C. 78bb(f)(5)(E));
>
> (2) a claim that relates to the internal affairs or governance of a corporation or other form of business enterprise and arises under or by virtue of the laws of the State in which such corporation or business enterprise is incorporated or organized; or
>
> (3) a claim that relates to the rights, duties (including fiduciary duties), and obligations relating to or created by or pursuant to any security (as defined under section 2(a)(1) of the Securities Act of 1933 (15 U.S.C. 77b(a)(1)) and the regulations issued thereunder).

That is, if an action "solely" alleges a claim falling into one of the three exceptions, then the action may not be removed under CAFA. Such an action, however, might be removable under some other removal statute. For example, a defendant could remove a state law class action involving a covered security, as defined under § 16(f)(3), pursuant to § 16(c) of the Securities Act, notwithstanding § 1453(d)(1)'s prohibition.

Thus, read as a whole, CAFA's plain language "creates original jurisdiction for and removability of <u>all</u> class actions that meet the minimal requirements and do not fall under one of the limited exceptions."[6] HarborView, 581 F. Supp. 2d at 584 (emphasis in

---

[5] Though not relevant here, CAFA's definitional provision, § 1332(d), also directs or allows courts to decline jurisdiction when certain conditions are present.

[6] Though neither party engages on the topic, "district courts [ ] have original jurisdiction of any civil <u>action</u>" qualifying under CAFA. 28 U.S.C. § 1332(d)(2) (emphasis added). Thus, if one part of the action qualifies under CAFA, the entire action may be removed. See Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 559 (2005) (In general for diversity jurisdiction, "[i]f the court has original jurisdiction over a single claim in the

12

original). Accordingly, § 1453's plain language suggests that defendant properly removed this action based on plaintiff's state law claims that independently satisfy CAFA's requirements.

Because § 1453's plain language is unambiguous, the court need not address CAFA's purpose or legislative history. Those considerations, however, also support the conclusion that defendants properly removed this action. The Supreme Court has explained that CAFA's " 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.' " Dart Cherokee, 135 S. Ct. at 554 (discussing legislative history and quoting S. Rep. No. 109–14 at 43 (2005)); Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 595 (2013) ("CAFA's primary objective" is to "ensur[e] Federal court consideration of interstate cases of national importance." (internal quotation marks omitted)). "The Senate Report on CAFA explains that '[b]ecause interstate class actions typically involve more people, more money, and more interstate commerce ramifications than any other type of lawsuit, the Committee firmly believes that such cases properly belong in federal court.' " Jordan, 781 F.3d at 1182 (quoting S. Rep. No. 109-14 at 5). There can be little doubt that the present action—involving a proposed international class and issues of first impression regarding the federal securities laws applicability to a nascent technology—falls into that category of class actions.

In addition, "Congressional sponsors of the bill repeatedly emphasized the breadth of CAFA, while insisting that each exception must be construed narrowly." HarborView, 581 F. Supp. 2d at 585 (citing S.Rep. 109-14 at 45 and discussing legislative history); see also Westerfeld v. Indep. Processing, LLC, 621 F.3d 819, 822 (8th Cir. 2010) ("CAFA grants broad federal jurisdiction over class actions and establishes narrow exceptions to such jurisdiction." (citing S. Rep. No. 109-14 at 43)). That accords with the narrow

---

complaint, it has original jurisdiction over a 'civil action . . . '"); Watson v. City of Allen, Tx., 821 F.3d 634, 638 (5th Cir. 2016) ("If CAFA applies, the district court has original jurisdiction over the entire action and there is no 'supplemental' jurisdiction at all.").

13

exceptions enumerated in subsection (d) and the corresponding absence of any indication of deference to other acts of Congress—a deference that would significantly expand the types of class actions exempt from removal under § 1453.

Despite that notable absence of any reference to antiremoval statutes, plaintiff argues that removal is barred because the above analysis fails to take into account § 22(a)'s removal bar. However, the court declines plaintiff's invitation to essentially read § 1441(a)'s except clause into § 1453 because doing so would contradict the general independence of removal provisions, CAFA's purpose, and render numerous statutory provisions superfluous.

### 4. Section 1441(a)'s Except Clause Compared to § 1453(d)

Unlike § 1453, § 1441(a) does not enumerate three specific exceptions to its removal purview, but instead broadly states: "Except as otherwise expressly provided by Act of Congress, any civil action [for which original jurisdiction would exist]. . . may be removed." That is, unless some other federal statute says otherwise, the action may be removed under § 1441(a) if the district court would have had original jurisdiction. The underlying premise of plaintiff's argument is that a similarly broad exception applies to § 1453. That reading does not comport with the plain language of either statute or the overall statutory scheme.

Both prior to and after CAFA's enactment in 2005, courts have interpreted § 1441(a)'s broad except clause as a reference to antiremoval provisions in other federal statutes. See above at Part B.2. (compiling cases); see also, e.g., Cacioppe v. Superior Holsteins III, Ltd., 650 F. Supp. 607, 608 (S.D. Tex. 1986) (§ 1441(a)'s except clause "provides for recognition of statutory anti-removal provisions," such as § 22(a)); Farmers & Merchants Bank v. Hamilton Hotel Partners of Jacksonville Ltd. P'ship, 702 F. Supp. 1417, 1419 (W.D. Ark. 1988) (§ 1441(a) except clause "is clearly a reference to statutes such as the one involved here," § 22(a), and listing other antiremoval statutes); Perez v. Hornbeck Offshore Transp., LLC, No. 10 CV 1402 SJ MDG, 2011 WL 1636244, at *2 (E.D.N.Y. Apr. 28, 2011) (remanding because § 1445(a)'s removal bar prohibited removal

14

under § 1441(a) because of the except clause). Thus, both pre and post-CAFA decisions hold that actions alleging Securities Act claims cannot be removed under § 1441(a) because of § 22(a)'s removal bar. See, e.g., U.S. Indus. v. Gregg, 348 F. Supp. 1004, 1015-16 (D. Del. 1972), rev'd on other grounds, 540 F.2d 142 (3d Cir. 1976) (concluding that action arising under the Securities Act could not be removed under subsection (a)); Liu v. Xoom Corp., No. 15-CV-00602-LHK, 2015 WL 3920074, at *1-5 (N.D. Cal. June 25, 2015) (remanding Securities Act class action removed under § 1441(a) because of § 22(a)).

Despite knowing exactly how to make a removal provision subordinate to antiremoval statutes, Congress chose not to do so for § 1453. Instead, Congress chose to enumerate only three specific exceptions to removal under § 1453. The absence of § 1441(a)'s except clause, or anything even resembling it, weighs heavily against reading such a broad exception into § 1453. See United States v. Providence J. Co., 485 U.S. 693, 704-05, 705 n.9 (1988) (observing that when two statutes included "[e]xcept as otherwise authorized by law," but that "by way of vivid contrast," the third did not, the third statute provided for no exception); see also WorldCom, 368 F.3d at 105-06 (applying same reasoning and holding that § 22(a) did not prohibit removal under § 1452(a)); Cobalt Partners, LP v. Sunedison, Inc., 2016 WL 4488181, at *6 (N.D. Cal. Aug. 26, 2016) (same).

Moreover, "[t]he general rule of statutory construction is that the enumeration of specific exclusions from the operation of a statute is an indication that the statute should apply to all cases not specifically excluded." Blausey v. United States Tr., 552 F.3d 1124, 1133 (9th Cir. 2009). That rule applies with even more force here because, along with excepting certain state law claims that no party argues are relevant here, CAFA explicitly excepts certain Securities Act-related claims from § 1453. 28 U.S.C. § 1453(d) (excepting certain claims related to § 16(f)(3) & § 2(a)(1) of the Securities Act). That Congress considered and excepted one part of the Securities Act but did not reference § 22(a), strongly suggests that the court should not read additional Securities Act

15

exceptions into CAFA. See HarborView, 581 F. Supp. 2d at 587 ("These circumscribed exceptions coupled with the overriding purpose of CAFA to provide for federal court jurisdiction in cases of national importance illustrate the intent of Congress to include within the reach of CAFA all securities class actions except" those specifically excepted.).

Relatedly, § 1453 directly addresses what should occur if plaintiff alleges claims removable under 1453(b) <u>and</u> a claim excepted under § 1453(d)—a possibly more difficult situation than that presented here. In that situation, § 1453 unambiguously allows removal. 28 U.S.C. § 1453(d) ("This section shall not apply to any class action that <u>solely</u> involves" an excepted claim.); Tuttle v. Sky Bell Asset Mgmt., LLC, No. C 10-03588 WHA, 2011 WL 208060, at *5 (N.D. Cal. Jan. 21, 2011) ("If a complaint contains a claim implicating one of CAFA's exceptions, but also involves other non-excepted claims, the case should remain in federal court." (emphasis omitted)). It would be incongruent to hold that an action alleging both a specifically excepted claim and a CAFA-removable claim may be removed, while simultaneously holding that a non-referenced, non-excepted claim prohibits removal of the same action.

The Supreme Court's analysis of § 1441(a)'s except clause provides further support that the clause should not be read into all removal provisions. In Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 693, 697 (2003), the Court considered whether § 216(b) of the Fair Labor Standards Act operated as an antiremoval provision barring removal under § 1441(a). The Court held that it did not because "[w]hile § 216(b) provides that an action 'may be maintained . . . in any . . . State court of competent jurisdiction,' the word 'maintain' enjoys a breadth of meaning that leaves its bearing on removal ambiguous at best." Breuer v. Jim's Concrete of Brevard, Inc., 538 U.S. 691, 694–95 (2003) (ellipses in original). The court emphasized that "the need to take the express exception requirement [of § 1441(a)] seriously, is underscored by examples of indisputable prohibitions of removal in a number of other statutes. . . . When Congress has wished to give plaintiffs an absolute choice of forum, it has shown itself capable of

doing so in unmistakable terms." Id. at 696-97 (collecting antiremoval statutes, such as § 22(a), subject to § 1441(a)'s except clause).

Those conclusions also bear on the present issue. First, if § 1441(a)'s except clause is to be taken seriously, then it should not be read into every removal statute. But that is just what plaintiff would have the court do. Though § 1453 is entirely silent about § 22(a)—or any other antiremoval provision—plaintiff argues that the court must ensure removal under § 1453 does not violate § 22(a). Far from taking § 1441(a)'s "express exception requirement seriously," that reading renders the except clause entirely superfluous. That is because if antiremoval provisions automatically applied to all removal statutes, regardless of the text of those statutes, § 1441(a) would operate the same way with or without the except clause. See Duncan v. Walker, 533 U.S. 167, 174 (2001) ("It is our duty to give effect, if possible, to every clause and word of a statute" and noting rule of statutory interpretation against treating "statutory terms as surplusage"). Second, given that Congress provides plaintiff an absolute choice of forum via the combination of § 1441(a)'s broad except clause and antiremoval statutes, it makes little sense to render the former unnecessary. See also WorldCom, 368 F.3d at 106 ("[T]here is no benefit whatever to interpreting the introductory clause of Section 1441(a) as suprlusage . . . In these circumstances, [the court] should avoid an interpretation of Section 1452(a) that renders a key clause of Section 1441(a) unnecessary."). "By contrast, if [the court] give[s] effect to every clause in Section 1441(a), the statutory conflict between [§ 1453(b)] and Section 22(a) dissolves." Id. (originally discussing § 1452(a) and § 22(a)).

Lastly, § 1453(b) itself becomes largely superfluous if it is read to include § 1441(a)'s exception. Section 1332(d)(2), states "district courts have <u>original jurisdiction</u> of any civil action" satisfying the CAFA requirements. 28 U.S.C. § 1332(d)(2) (emphasis added). Accordingly, an action satisfying CAFA's diversity requirements could be removed pursuant to § 1441(a)—allowing for removal of "any civil action . . . of which the district courts of the United States have <u>original jurisdiction</u>." Doing so, however, would

17

subject the removal to § 1441(a)'s except clause and the entire array of federal antiremoval statutes. Plaintiff contends that § 1453(b) should operate the same way and defer to § 22(a)'s removal bar. That makes no sense. If Congress wanted that result, it could have omitted § 1453(b) entirely. Instead, Congress enacted an entirely different removal provision that does not include anything resembling § 1441(a)'s broad except clause.

### 5. Section 1441(c) Compared to § 1453

Both parties argue that this court's decision should be informed by how courts treated § 1441(c) vis-à-vis § 1441(a) before the former's amendment in 1990.[7]

Defendants argue that similar to how § 1453(b) should operate, courts concluded that cases otherwise barred from removal by § 1441(a)'s except clause could nevertheless be removed under pre-1990 § 1441(c). This court agrees. Pre-1990 courts reasoned that subsections (a) and pre-amendment subsection (c) "refer to two completely different situations" with the latter "grant[ing] additional removal jurisdiction in a class of cases which would not otherwise be removable" under the former. Gregg, 348 F. Supp. at 1015 (§ 22(a) did not bar removal under subsection (c)); Emrich, 846 F.2d at 1197. As discussed at length above, the same reasoning applies to § 1453 because, like pre-1990 subsection (c), § 1453 provides a separate basis for removal and does not include anything resembling § 1441(a)'s except clause.

Despite that parallel, plaintiff argues that in fact pre-1990 subsection (c) shows that when Congress resolves conflicts between diversity jurisdiction and antiremoval statutes it does so explicitly. That argument, however, begs the question because it assumes antiremoval statutes automatically apply to all removal provisions—an assumption that the above discussion shows lacks merit. And plaintiff has provided no

---

[7] At the time subsection (c) provided that "an entire case 'may' be removed . . . '[w]henever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action.'" Emrich, 846 F.2d at 1197 (quoting 28 U.S.C. § 1441(c) (1982)).

18

reason to suspect that § 22(a) operates differently than other run-of-the-mill antiremoval provisions.[8] At most, plaintiff's argument shows that Congress knows how to create removal provisions that are not subject to § 1441(a)'s except clause—by enacting an independent removal provision, such as § 1453(b).[9]

**CONCLUSION**

In sum:

> [W]hen an anti-removal provision such as Section 22(a) is invoked, the threshold question is whether removal is being effectuated by way of the general removal statute, 28 U.S.C. § 1441(a), or by way of a separate removal provision that "grants additional removal jurisdiction in a class of cases which would not otherwise be removable under the prior grant of authority." If removal is being effectuated through a provision[, like § 1453,] that confers additional removal jurisdiction, and that provision contains no exception for nonremovable federal claims, the provision should be given full effect.

WorldCom, 368 F.3d at 107 (holding that § 22(a) does not bar removal under § 1452).

Section 1453 grants defendant an additional, independent basis for removing an action from state to federal court. The parties do not dispute and the court finds that plaintiff's California claims satisfy CAFA's removal requirements. Because § 1453 says nothing about incorporating § 1441(a)'s except clause, or otherwise deferring to antiremoval provisions, § 22(a) does not bar removal of this action. In addition, plaintiff's application of § 22(a) to all removal provisions unnecessarily renders numerous statutory clauses superfluous. Lastly, removal in this situation accords with Congress' "'overall intent . . . to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications.'" Jordan, 781 F.3d at 1183–84 ((ellipses in original) discussing Dart Cherokee; quoting congressional record).

---

[8] See also Passarella v. Ginn Co., 637 F. Supp. 2d 353, 355 (D.S.C. 2009) (antiremoval provision sharing its language with § 22(a) did not prohibit removal under § 1453).

[9] The court also notes that reading § 1441(a)'s except clause into the current version of § 1441(c)—a natural extension of plaintiff's overarching argument—renders subsection (c) nonsensical. Under that reading, subsection (c) would provide for the removal of an action with nonremovable claims—e.g., a Securities Act claim—while simultaneously prohibiting removal of that same action.

19

Based on the foregoing, plaintiff's motion to remand is DENIED.[10]

**IT IS SO ORDERED.**

Dated: August 10, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

---

[10] Because the court denies plaintiff's motion to remand, the court also denies plaintiff's request for attorneys' fees.