1  PETER B. MORRISON (SBN 230148)
   peter.morrison@skadden.com
2  VIRGINIA F. MILSTEAD (SBN 234578)
   virginia.milstead@skadden.com
3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   300 South Grand Avenue, Suite 3400
4  Los Angeles, CA 90071
   Telephone: (213) 687-5000
5  Facsimile:  (213) 687-5600

6  JOHN NEUKOM (SBN 275887)
   john.neukom@skadden.com
7  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
   525 University Avenue, Suite 1400
8  Palo Alto, California 94301
   Telephone: (650) 470-4500
9  Facsimile:  (650) 470-4570

10 Attorney for Defendants
   Ripple Labs Inc., XRP II, LLC, Bradley
11 Garlinghouse, Christian Larsen, Ron Will,
   Antoinette O'Gorman, Eric van Miltenburg,
12 Susan Athey, Zoe Cruz, Ken Kurson, Ben
   Lawsky, Anja Manuel, and Takashi Okita
13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16 RYAN COFFEY, individually and on behalf of    )  CASE NO.: 4:18-cv-03286-PJH
17 all others similarly situated,                )
                                                 )  **(1) DEFENDANTS' ADMINISTRATIVE
18                            Plaintiff,          )  MOTION TO CONSIDER WHETHER
                                                 )  CASES SHOULD BE RELATED;**
19              v.                               )
                                                 )  **(2) DECLARATION OF VIRGINIA F.
20 RIPPLE LABS INC., et al.,                     )  MILSTEAD (filed under separate cover);
                                                 )  and**
21                            Defendants.        )
                                                 )  **(3) [PROPOSED] ORDER (lodged under
22                                               )  separate cover).**
                                                 )
23 _____)

24

25

26

27

28

1   A related case In re Ripple Labs Inc. Litigation, Lead Case No. 18-CIV-02845

2   (Consolidated with No. 18-CIV-03332 and No. 18-CIV-03461), was pending in the Superior Court

3   for the County of San Mateo, California and removed to this Court on November 7, 2018 and

4   renamed by the federal court as Zakinov et al. v. Ripple Labs Inc. et al., 4:18-cv-06753-WHA

5   (N.D. Cal. Nov. 7, 2018) ("Zakinov Action"). Pursuant to Civil Local Rules 3-12 and 7-11,

6   Defendants Ripple Labs Inc., XRP II, LLC, Bradley Garlinghouse, Christian Larsen, Ron Will,

7   Antoinette O'Gorman, Eric van Miltenburg, Susan Athey, Zoe Cruz, Ken Kurson, Ben Lawsky,

8   Anja Manuel, and Takashi Okita (collectively "Defendants") respectfully move the Court to issue

9   an administrative order designating the Zakinov Action as related to the above-captioned action

10  (the "Coffey Action").

## I.      APPLICABLE STANDARD UNDER CIVIL LOCAL RULE 3-12

12      "An action is related to another when (1) The actions concern substantially the same parties,

13  property, transaction or event; and (2) It appears likely that there will be an unduly burdensome

14  duplication of labor and expense or conflicting results if the cases are conducted before different

15  Judges." Civil L. R. 3-12(a).

16      "Whenever a party knows or learns that an action, filed in or removed to this district is (or

17  the party believes that the action may be) related to an action which is or was pending in this

18  District as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case

19  an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-

20  11." Civil L. R. 3-12(b). That motion must include: "(1) The title and case number of each

21  apparently related case; (2) A brief statement of the relationship of the actions according to criteria

22  set forth in 3-12(a)." Civil L. R. 3-12(d).

## II.     THE ZAKINOV ACTION IS RELATED TO THE COFFEY ACTION

24      The Zakinov Action is related to the Coffey Action. In the Coffey Action, the plaintiff

25  asserted violations of §§ 5, 12(a)(1), and 15 of the Securities Act of 1933 (the "Securities Act") and

26  §§ 25110, 25503, and 25504 of the California Corporations Code against Defendants Ripple Labs

27  Inc., XRP II, LLC, and Bradley Garlinghouse. (Coffey Compl. ¶¶ 11-13, 131-159.) The Coffey

28  Action was brought on behalf of "[a]ll persons or entities who purchased XRP from January 1,

1  2013 through the present." (Coffey Compl. ¶ 122.)

2      The Zakinov Action consists of three actions that were consolidated by the state court.

3  After consolidation, "the allegations of the complaints can be treated as one pleading." People ex

4  rel. Camil v. Buena Vista Cinema, 57 Cal. App. 3d 497, 500 (1976); (Ex. C Consolidation Order).

5  The complaints in the Zakinov Action, like the Coffey Action, likewise assert violations of §§ 5,

6  12(a)(1), and 15 of the Securities Act and §§ 25110, 25503, and 25504 of the California

7  Corporations Code against Defendants Ripple Labs Inc., XRP II, LLC, Bradley Garlinghouse, as

8  well as officers and directors of Ripple, Christian Larsen, Ron Will, Antoinette O'Gorman, Eric van

9  Miltenburg, Susan Athey, Zoe Cruz, Ken Kurson, Ben Lawsky, Anja Manuel, and Takashi Okita.

10 (Ex. A Consol. Compl. ¶¶ 12-14, 86-98; Ex. B Greenwald Compl. ¶¶ 15-27, 94-110.) The Zakinov

11 Action is putatively brought on behalf of "all persons or entities who purchased XRP from July 3,

12 2015 to the present" and "all citizens of California who purchased XRP." (Ex. A Consol. Compl.

13 ¶ 80; Ex. B Greenwald Compl. ¶ 87.) Plaintiffs in the Coffey and Zakinov Actions allege that they

14 and members of the purported class purchased the virtual currency, XRP, on "cryptocurrency

15 exchanges" and that they were somehow injured because Defendants were allegedly required to

16 register XRP as a "security" with the Securities & Exchange Commission but failed to do so.

17 (Coffey Compl. ¶ 1; Ex. A Consol. Compl.¶¶ 1-3 ; Ex. B Greenwald Compl. ¶¶ 1-4.)

18     Thus, because of the overlap of parties and claims, the Zakinov Action and the Coffey

19 Action raise identical factual and legal issues. For example, Defendants anticipate that the

20 Plaintiffs in the Zakinov Action will file a motion to remand that raises identical issues as those

21 raised by the motion to remand that the Court considered and decided in the Coffey Action. As

22 such, conducting these cases before different judges would likely result in an unduly burdensome

23 duplication of labor and expense for the parties involved in each action and the Court and could

24 also create the potential for conflicting results.

25

26

27

28

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 18-cv-03286-PJH

1    For the foregoing reasons, Defendants respectfully request that the Court designate the

2  Zakinov Action as related to the Coffey Action.

3  DATED: November 8, 2018

4                                 SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

5                                 By:              */s/Peter B. Morrison*

6                                                 Peter B. Morrison
                                                 Attorney for Defendants

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
CASE NO. 18-cv-03286-PJH